## ANDREW T. KING *et al.*
### *v.*
## NATHAN B. BRADLEY *et al.*

1. SET-OFF — *of a judgment after an appeal therefrom.* It has been held in England that a judgment may be pleaded as a set-off, notwithstanding an appeal therefrom and supersedeas; but this court is of a different opinion, though upon the facts in this case it was not necessary to decide the question.

2. SAME — *whether the damages recovered in such judgment may be set off pending the appeal.* In an action by a vendor against his purchaser for the price of a part of the chattels sold, which had been delivered and accepted, the purchaser may set off his damages for the non-delivery of the residue of the property, although he has recovered a judgment for those same damages, there being an appeal from such judgment pending, and a consequent suspension thereof.

3. SAME — *how far such set-off may be limited by the judgment recovered.* But the vendor may meet the evidence of such damages by proof of the former judgment, and insist that the amount of the judgment shall be the limit of the defendant's set-off.

4. SAME — *the damages being thus set off, satisfies the judgment — injunction.* A plea proposing to set off such damages, and the offering of evidence under it, would be a satisfaction of the judgment already obtained, and its collection may be enjoined in the event of its affirmance in the appellate court.

APPEAL from the Superior Court of Chicago.

The case is stated in the opinion.

Messrs. SCATES, BATES & TOWSLEE, for the appellants.

Messrs. KNOWLTON & JAMIESON, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This case grows out of the same transaction with that of the preceding case, *Bradley* v. *King*, the parties in the present suit being reversed. This suit was brought to recover the value of the last cargo of lumber received by the defendants under the circumstances set forth in the opinion in that case. The third and fourth pleas were pleas of set-off. The third set up the damages claimed by the defendants for the non-delivery of a part of the lumber deliverable by the plaintiffs under the same contract upon which this suit is brought. The fourth set up the judgment recovered by the defendant for the same damages in the former suit. To the third plea the plaintiffs replied, that the damages were merged in the judgment mentioned in the fourth plea. To this replication defendants rejoined, that the judgment had been appealed to the Supreme Court and thereby superseded. To this rejoinder the plaintiffs demurred and the demurrer was sustained.

To the fourth plea of the judgment the plaintiffs replied the appeal and *supersedeas.* The defendants demurred, and the court overruled the demurrer. Under these rulings the defendants were denied the privilege of setting off either their judgment, or the damages for which the judgment had been obtained. The action of the court on these demurrers is assigned for error.

Counsel for appellants cite the cases of *Evans* v. *Prosser*, 3 Durn. & East, 96, and *Reynolds* v. *Biering*, 4 Doug. 81, in support of the position that a judgment may be pleaded as a set-off, notwithstanding an appeal and supersedeas. These cases do so hold. We are reluctant to disregard so respectable authority, but in our opinion such a rule might

easily lead to manifest injustice. If the judgment could be pleaded it would of course be conclusive against the plaintiff, and the defendant would thus get the full benefit of a judgment whose collection had been suspended, and which might afterward be reversed. The very judgment pleaded in this case has been reversed by us at the present term in the other suit above referred to, and as this plea can no longer be of any benefit to the defendant, it is not necessary for us to decide this question.

It is clear, however, that these defendants should have been permitted to set off either their judgment or the damages for which the judgment was obtained. The pendency of an action for the claim set off does not defeat the right. 1 Chitty, 572; *Barkerville* v. *Brown*, Burr. 1229. Upon this principle we can perceive no good reason why these defendants, though not permitted to plead their judgment, should have been denied the right to plead their damages. This could have worked the plaintiffs no injustice. Such a plea, and the offering of evidence under it, would undoubtedly be a satisfaction of the judgment already obtained by the defendants, and have enabled the plaintiffs to enjoin its collection in the event of its affirmance in the appellate court. The effect of allowing this plea would have been to have given the plaintiffs another trial on the question of damages, sustained by the defendants for the non-delivery of the lumber, the very object the plaintiffs were seeking by their appeal. Or, if the plaintiffs had preferred to abide by that judgment, rather than re-open that question, they would undoubtedly have been at liberty to have met the defendants' evidence by proof of the former judgment, and on their motion the court would have told the jury, that the amount of such judgment must be the limit of the defendants' set-off. There is, therefore, some peril to a defendant in such a plea, but no possible wrong to the plaintiff, and if a defendant for the sake of setting off his claim, chooses to abandon his judgment, and incur the hazard of another trial, he should be permitted to do so.

We are, therefore, of opinion that the demurrer to the re-

joinder to the plaintiffs' replication to the third plea should have been carried back and sustained to the replication. This replication, in setting up the judgment, so far from showing that nothing was due upon the damages claimed in the plea, really showed that damages were due to the amount of the judgment. The pleading of the judgment as a merger of the damages was in itself an affirmation of its validity. As an answer, then, to the plea, the replication was not good. It only answered the plea so far as the latter claimed damages in excess of the amount of the judgment. It should have admitted the defendants' claim for damages to that extent, and pleaded it in bar of the excess.

The judgment is reversed and the cause remanded.

*Judgment reversed.*