# WILLIAM A. HUGHES

*v.*

# SARAH B. TRAHERN, Admx., *et al.*

1. SET-OFF—*claims must be mutual.* A defendant in a suit at law can not set off a debt due to him as surviving partner from the plaintiff.

2. SAME—*in equity.* The general rule in equity is that joint and separate debts can not be set off against each other, or that a set off of debts accruing in different rights will not be allowed. But special circumstances may occur creating an equity which will justify a court of chancery in allowing a set off inadmissible in a court of law.

3. SAME—*chancery jurisdiction—in case of insolvency.* Where A in his lifetime recovered judgment against B, being at the time indebted to B, as the surviving partner of a late firm, and B, after his death, recovered, as such surviving partner, a judgment against the administratrix of his estate, the estate proving to be insolvent: *Held,* that in equity B was entitled to have his judgment against the estate of A set off against the judgment in favor of A's estate, the real parties in interest being the estate of A on

the one side and the surviving partner on the other, who was alone entitled to collect the debts due the firm, and who was primarily liable for the debts against the firm.

4. ASSIGNMENT—*of judgment at law.* A judgment is not assignable either at common law or under our statute so as to vest the legal title in the assignee. The assignee will take the judgment subject to all the equities existing between the original parties.

5. SAME—*rights of assignee in equity.* In equity the assignee will be protected from any acts of the parties after notice of the assignment. After this the former owner and the debtor can do nothing to defeat the rights of the assignee.

6. CHANCERY—*set-off against assigned judgment—relief granted.* On bill in chancery to have a judgment in favor of the complainant, as surviving partner, against the estate of the debtor, set off against a judgment recovered by the deceased in his lifetime against the complainant, on the ground of the insolvency of the estate, it appeared that the judgment against the complainant had been assigned to another, who had only paid a small part of the consideration, and that he held the same in part for the benefit of the estate of the deceased, the decree of the court below in dismissing the bill was reversed and remanded, with directions to refer the cause to the master to state an account of the money paid by the assignee to the assignor of the judgment, or to his estate after his death, prior to the recovery of the complainant's judgment against the estate, and before the filing of the bill, and to ascertain if any part of the consideration of the assignment was a pre-existing debt from the assignor to the assignee, and if so, to find the amount; and also the whole amount received on the judgment by the assignee; and with direction to decree that the money advanced on the assignment, or to the estate prior to the recovery of complainant's judgment, should be repaid to the assignee, together with what should be found due him for pre-existing indebtedness from the assignor, and apply in reduction thereof the moneys received by the assignor on his judgment if sufficient, if not, so much of the judgment as might be necessary to satisfy him; and decree that complainant's judgment be set off against the balance of the judgment against complainant, and requiring complainant to bring the balance due the estate into court.

WRIT OF ERROR to the Circuit Court of Pulaski county; the Hon. JOHN OLNEY, Judge, presiding.

This was a bill in chancery, filed by the plaintiff in error against the defendants in error, for injunction and to set off a

4—64TH ILL.

judgment obtained by the plaintiff in error, as surviving partner of Henry W. Hughes, deceased, against Sarah B. Trahern, administratrix of the estate of Morgan Trahern, deceased, against a judgment recovered by Morgan Trahern in his lifetime against plaintiff in error.

It appeared that on the thirtieth of August, 1861, in the circuit court of Pulaski county, said Morgan Trahern recovered judgment against plaintiff in error for $911.85 and costs; that on or about December 9th following, said Trahern assigned this judgment to his attorney, John Dougherty; that after this assignment said Trahern died, and letters of administration on his estate were issued to Sarah B. Trahern, his widow, who caused her letters to be recorded in the circuit court of the county, and obtained execution on said judgment. There was a credit endorsed on such execution of $550, of the date of January 16, 1864. At the time of the filing of the bill there was due on the execution $493.55 debt, and $197.05 costs, making in all $690.60.

It further appeared that at the time of the recovery of this judgment said Morgan Trahern was indebted to plaintiff in error, as the surviving partner of Hughes & Bro., in the sum of $438.78, of which the assignee, Dougherty, had notice as the attorney of Trahern, it being offered as a set off, on the trial of the first cause, and rejected by the court.

After the death of Trahern, plaintiff in error, as such surviving partner, at the January term, 1864, of the county court of Pulaski county, recovered judgment against the estate of said Trahern for $438.78.

It also appeared that the estate of Trahern was insolvent, and that Dougherty paid only $50 for the assignment to him at the time, and that the balance paid by him of $225 was after the filing of this bill.

The court below, on the hearing, dismissed the bill of plaintiff in error.

Messrs. ALLEN, MULKEY & WHEELER, for the plaintiff in error.

Mr. JOHN DOUGHERTY, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It was sought, by the bill filed in this cause, to obtain an injunction and to have a judgment recovered by the plaintiff in error, as surviving partner of Henry W. Hughes, against the defendant, Sarah B. Trahern, administratrix of the estate of Morgan Trahern, deceased, set off against a judgment obtained by the said Trahern in his lifetime against the plaintiff in error.

It is alleged in the bill that Morgan Trahern, on the 30th of August, 1861, recovered a judgment against the plaintiff in error for $911.85, which judgment was, on the 9th day of December following, assigned to defendant, Dougherty, but it is insisted that such assignment was a fraud upon the rights of plaintiff in error. Upon this judgment there is a credit of $580, of the date of January 16, 1864.

It is further alleged that, at the date of the assignment, Trahern was indebted to the plaintiff in error, as surviving partner of the firm of Hughes & Bro., in the sum of $438.78, and of which indebtedness it is charged that the defendant, Dougherty, had notice when he took the assignment. After the death of Morgan Trahern the debt due to the firm of Hughes & Bro. was allowed as a claim against his estate to the extent of $438.78, in favor of the plaintiff in error as surviving partner.

It is further alleged that the estate of Morgan Trahern, deceased, is insolvent, and the proof seems to fully support this allegation.

It appears, from the evidence preserved in the record, that on the trial of the common law case of Morgan Trahern against William A. Hughes, an attempt was made to set

off the debt due to the firm of Hughes & Bro. against the claim of the plaintiff in that suit, but it was rejected on the ground that it was not mutual between the parties to the record, and, therefore, not a proper subject of set-off.

The single question involved is whether the facts, as disclosed in the record, present any equitable grounds for relief.

It is apparent that the common law courts could afford the plaintiff in error no adequate remedy.. The debt due the firm of Hughes & Bro. was not a legitimate set-off to the debt due Trahern, and it was rightfully rejected in the common law action.    It can hardly be denied, in view of the evidence, that the estate of Trahern is utterly insolvent, and that after the payment of the specific allowance to the widow there will be.but little left to pay upon the debts.    The principal debt, after the allowance to the widow, is the claim of the plaintiff in error.    It would be inequitable, under this state of facts, to permit the administratrix of the estate to collect, mostly for the purpose of paying the specific allowance made to her under the statute, the entire amount of the judgment against the plaintiff in error when the estate is indebted to him in so large an amount.    The debt due the plaintiff from the intestate has been ascertained in a court of law and the amount definitely fixed.    The respective debts are now merged in judgments, nominally at least, between the same parties.

We do not propose to enter upon any extended investigation of the doctrine of set-off in equity, as to its origin, and in what class of cases it will be allowed. .

The text writers, on the authority of the adjudged cases, concur in stating the general rule to be, in equity as well as at law, that joint and separate debts can not be set off against each other—that is, the courts will not allow a set-off of debts accruing in different rights.    It is well settled, however, that there are exceptional cases to this general rule. From an early period in the history of our law it seems to have been conceded that special circumstances may occur

creating an equity which would justify the interference of a court of equity when a court of law could afford no relief, in matters of set-off. 2 Story Eq. Jur. sec. 1437; *Duncan* v. *Lyon*, 3 Johns. Chy. 357; *Dole* v. *Cook*, 4 Johns. Chy. 11 ; *Williams* v. *Davies*, 2 Simmons, 461.

At law there can be no set-off except as to mutual debts between parties to the record, but the doctrine is that a court of equity, in cases of insolvency, will regard the real parties in interest, and allow a set-off of demands in reality mutual, although prosecuted in the name of others nominally interested.

We are of opinion that the case at bar may be brought under these general rules and a set-off decreed. The real parties in interest here are the estate and the surviving partner of the firm of Hughes & Bro. The surviving partner is alone entitled to collect the debts due to the late firm, and is primarily liable for the debts against the firm. In a certain sense it may be said that the debts are mutual and between the same parties to the record.

The right of set-off is an original ground of equity jurisdiction, and such jurisdiction was entertained by the English courts of chancery before the passage of any statutes on that subject. It is said that the English doctrine of set-off was borrowed from the doctrine of compensation in the civil law. The rule of the civil law that compensation should be allowed of such debts only as were due to the party himself, and in the same right, had its exceptional cases as well as our law.

No reason is perceived why the plaintiff in error had not the right, under these equitable principles, to have his judgment or claim against the estate set off against the judgment obtained by Trahern in his lifetime against him, and satisfaction to that extent decreed, unless that right has been defeated by the assignment of the judgment to the defendant, Dougherty.

A judgment is not assignable at common law or under our statute so as to vest the legal title in the assignee. It is a

mere chose in action, and only the beneficial interest passes to the purchaser. The assignee takes the judgment subject to all the equities that existed between the parties to the record. *McJilton* v. *Love*, 13 Ill. 486.

In equity the assignee will always be protected from any acts of the parties after notice. The former owner and debtor can do nothing, after notice, to defeat the rights of the assignee.

At the date of the assignment Dougherty certainly had notice of the existence of the indebtedness of Trahern to the firm of Hughes & Bro., and of the efforts made by the plaintiff to have that indebtedness set off against the claim of Trahern against himself. He was not, therefore, altogether an innocent purchaser. It does not very satisfactorily appear, from the evidence, what was the true consideration that passed between the parties for the assignment of the judgment. We are satisfied, however, that it is not and was not intended by the parties to be an absolute and unconditional assignment. The assignee certainly held the judgment, at least in part, for the benefit of Trahern in his lifetime, and since his death for the estate. Only fifty dollars was paid at the time of the assignment, and it does not appear that any more was ever paid until long after the filing of the bill in this cause, when a considerable sum was paid to the administratrix. These facts are inconsistent with the theory of a *bona fide* and absolute purchase.

If any part of the consideration of the assignment was a pre-existing indebtedness from Trahern to Dougherty, to that extent he should be protected, and for any money advanced by him on the assignment to Trahern, or the administratrix, prior to the allowance of the claim of the plaintiff against the estate, and of the filing of the bill in this cause. After the filing of the bill he should have retained the money that came into his hands as the proceeds of the judgment until the equities between the parties could have been adjusted.

The decree will be reversed and the cause remanded, with directions to the circuit court to refer the cause to the master in chancery, to take and state an account of the money paid by defendant, Dougherty, to Trahern, or the estate, on the assignment, prior to the allowance of the plaintiff's claim in the county court against the estate, and before the filing of the bill herein, and to ascertain if any part of the consideration of the assignment was a pre-existing indebtedness from Trahern to him, and if so, to find the amount, and also to find the whole amount received by Dougherty on the judgment after the assignment to him.

On the coming in of the report the court will decree that the amount advanced on the assignment to Trahern, or the estate, prior to the allowance of the claim of plaintiff against the estate, shall be repaid to him, and also whatever amount, if any, shall be found due him for a pre-existing indebtedness from Trahern, and shall apply in reduction thereof the money heretofore received on the judgment, if the same shall be sufficient for that purpose, and if not, so much of the judgment as shall be necessary to satisfy the amount that shall be found due on the basis suggested; and decree further that the judgment of the plaintiff against the estate be set off against the judgment in favor of the estate against him. In case the judgment in the county court is not sufficient, together with money heretofore paid, to cover the amount due on the judgment against the plaintiff, before decreeing any relief the court will require him to bring into court, for the use of the estate, enough of money with the judgment to pay the amount due the estate.

The decree is reversed and the cause remanded for further proceedings, in conformity with the views expressed in this opinion.

*Decree reversed.*