LEVI M. CLAYES

*v.*

JACOB H. WHITE.

1. INDORSEMENT IN BLANK *of note—right to fill up with guaranty—estoppel.* Where the holder of a note indorsed in blank, wrote over the name of the indorser an ordinary assignment, upon which he sued the indorser, s eking to hold him on the conditional contract of assignment, and recovered judgment, which was reversed; and on the trial of another suit, he offered the same note in evidence, with a guaranty of payment added to the words of assignment, and introduced evidence tending to prove a verbal agreement of guaranty: *Held*, that, aside from the objection of the want of authority to alter or vary the legal effect of the indorsement in blank, or of the competency to do so by evidence of a verbal guaranty, the holder, having elected to fix the indorser's liability as the conditional one of assignor, and sought to enforce the same, was concluded from setting up a different and absolute liability as guarantor, either by writing over the indorser's name, or by making proof of a verbal guaranty.

2. SET-OFF—*of a demand in a pending suit.* The pendency of another action for a claim offered as a set-off does not defeat the right of set-off.

3. Where the holder of an assigned promissory note had recovered judgment against his assignor and collected the same, and the defendant in that suit, after a reversal of the judgment, brought suit to recover back the money paid by him on the judgment: *Held,* that the defendant in the latter suit might set off whatever sum he could show he was entitled to recover of the plaintiff upon his assignment of the note, notwithstanding the pendency of the former suit

APPEAL from the Circuit Court of Will county; the Hon. SIDNEY W. HARRIS, Judge, presiding.

Mr. R. E. BARBER, Mr. F. GOODSPEED, and Mr. H. SNAPP, for the appellant.

Messrs. OLIN & PHELPS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit brought by White against Clayes, to recover for money paid on an erroneous judgment, which, subsequent to the payment of the money, was reversed in the Supreme Court.

The defendant below, among other matters, set up in defense that, at the time of the payment of the money to him he held a promissory note dated November 10, 1858, made by one Zeigfeld to Peter Folkers, for $200, payable two years after date, with ten per cent interest, indorsed by Folker to White, and which White had indorsed and guarantied the payment of to the defendant; that the note was due and unpaid, and that suit against Zeigfeld, the maker, would have been unavailing ever since the maturity of the note.

The court, after hearing the evidence, excluded all this attempted defense.

So far as related to the alleged guaranty of payment, the ruling was correct.

The indorsement on the note, as it appeared at the time of trial, was as follows:

"Pay to Levi M. Clayes, and I guaranty the payment of the within note.

"J. H. WHITE."

Originally the indorsement was in blank by White. The suit wherein the said reversed judgment in question was rendered was one against White as indorser of this note, and during its prosecution Clayes' attorney wrote over the name of White the words, "Pay to Levi M. Clayes," and shortly before the trial of the present suit, Clayes' attorney wrote the additional words over White's name, "and I guaranty the payment of the within note."

There was evidence tending to prove a verbal agreement of guaranty by White, at the time he transferred the note to Clayes, and made his indorsement in blank.

Aside from the objection of the want of authority to alter and vary the legal effect of White's indorsement in blank by writing over it a guaranty, or of the competency to do so by evidence of a verbal guaranty—*Mason* v. *Burton*, 54 Ill. 350; *Howe* v. *Merrill*, 5 Cush. 80; *Seaberry* v. *Hungerford*, 2 Hill, 80; *Beattie* v. *Browne, Exr.* 64 Ill. 360, we think Clayes must abide by the contract as he made it to be, by filling up the indorsement as a mere assignment. He thereby elected to declare and fix the liability of White to be the conditional one of assignor, and proceeded to enforce, and is now endeavoring to enforce in another suit, that, as the liability of White; the latter had the right to repose upon that as the full measure of his obligation. And Clayes, we think, should be held concluded from setting up a different and absolute liability as guarantor on the part of White, either by writing over his signature in blank a guaranty, or by making proof of a verbal guaranty.

Under the stipulation of the parties, the note could have been introduced as a set-off under the assignment made of it,

and if suit against the maker of the note would have been unavailing in whole or in part from the time of the maturity of the note, then defendant should have been allowed, in set-off, the amount of the note, or so much thereof as could not have been collected by suit against the maker.

The reason assigned by the court for the exclusion of this portion of the defense was, that the original suit of *Clayes* v. *White,* which is a suit on the assignment of the note, was still pending.

But the pendency of an action for the claim offered in set-off does not defeat the right of set-off. *King* v. *Bradley,* 44 Ill. 342; *Gaddis* v. *Leeson,* 55 id. 523; 1 Chitty Pl. 572.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*