## LEVI M. CLAYES

*v.*

## JACOB H. WHITE.

1. ACTION—*to recover money paid on judgment, after reversal.* If a judgment, after collection, is reversed in this court, the plaintiff in it will become liable to the defendant for the amount collected by him on it, including costs.

2. FORMER RECOVERY—*as to costs after reversal.* Where, after the reversal of a judgment, suit is brought by the defendant to recover back money paid by him in satisfaction of the same and costs, a judgment, on dismissal of the prior suit against the plaintiff therein, for costs, will not present a bar to a recovery of the costs paid.

3. ACTION—*splitting of entire demand.* A party, who has paid a judgment and costs before its reversal, if he seeks to recover back the same, can not split his demand and recover the damages paid in one action and the costs in another, and, after suit for the entire demand, the defendant can

not, by any act of his, compel the plaintiff to recover the costs in one suit and the damages in another.

4. FORMER ADJUDICATION—*of the Supreme Court, binding.* A decision of this court, on appeal, holding that, as the plaintiff had sued the defendant as a simple indorser of a note, he was concluded from urging his liability as guarantor, will be conclusive upon the question in any subsequent suit.

5. ASSIGNMENT—*when suit against maker is not availing.* If the maker of a note, at any time after its maturity, has property, real or personal, liable to execution, sufficient to pay the note, it can not be claimed a suit would have been unavailing.

6. SAME—*excuse of diligence.* The want of knowledge on the part of the assignee of a note of property of the maker, is not a sufficient excuse for want of proper exertions to collect its amount of the maker.

7. The fact that the maker's property is incumbered, does not furnish sufficient reason for a failure to levy upon it, unless the assignee is prepared to show that the incumbrance was valid and a levy would prove wholly unavailing.

8. SAME—*burden of proof.* In a suit by the assignee against the assignor of a note, where diligence by suit against the maker is not shown, the burden of proof is upon the plaintiff to establish the insolvency of the maker.

9. NEW TRIAL — *newly discovered evidence.* A new trial will not be granted on account of newly discovered evidence which is merely cumulative.

APPEAL from the Circuit Court of Will county; the Hon. SIDNEY H. HARRIS, Judge, presiding.

Messrs. BARBER & LOGAN, for the appellant.

Mr. EGBERT PHELPS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

In 1858, one Zeigfeldt made and delivered his promissory note to Peter Folkers for $200, due November 10, 1860, with interest at the rate of ten per cent. Folkers indorsed the note to appellee. White and he sold the note to appellant, Clayes, and indorsed it in blank.

In 1861, appellant brought suit against appellee, as indorser of the note, and obtained judgment. Appellee appealed from the judgment to this court, and the judgment was reversed and the cause remanded. Before, however, the final judgment

was rendered in this court, an execution was issued in the circuit court for the amount of judgment and costs against appellee, which he paid.

This action was brought to recover back the amount paid in satisfaction of the original judgment and costs. On the trial in the circuit court, the defense mainly relied upon by appellant was, that Zeigfeldt, the maker of the note, was insolvent, and, in consequence of the insolvency, appellee was liable for the amount of the note and interest.

Under the contract of sale and indorsement, much evidence was introduced by the respective parties as to the solvency and insolvency of the maker of the note, and the jury returned a verdict in favor of appellee for $634.97, upon which the court, after overruling a motion for a new trial, rendered judgment.

When the judgment, which appellant had recovered of appellee, was reversed, appellant became liable to repay appellee the amount he had collected upon that judgment. Upon this question there can be no doubt. *Camp* v. *Morgan*, 21 Ill. 255.

It is claimed, however, by appellant that, after his judgment was reversed and a remanding order had been filed, he dismissed his case, and, on dismissal, judgment went against him, and in favor of appellee, for all costs; and even if appellee could recover the damages which he paid in satisfaction of the judgment, he could not recover the costs, as the judgment for costs rendered on dismissal is a bar to a second recovery.

The judgment for costs rendered on the dismissal was entered sometime after appellee had instituted this action. It followed the dismissal, as a matter of course; but we are aware of no authority that would hold a judgment of that character a bar to a recovery in a case like this. When appellee brought this action, he was bound to sue, not only for the damages paid, but also for such costs as appellant collected of him. He could not split his demand, and recover the damages in one action and the costs collected by appellant of him in another; nor could appellant, by any act on his part, after the action was commenced for the entire demand, compel appellee

to split his demand, and recover the costs in one action and the damages in another. If appellant had paid appellee the judgment rendered for the costs, no recovery could have been had in this action for the amount so paid, but the evidence fails to show payment.

It is claimed the judgment embraced $28.50, appellee's witness fees, which he never paid. The evidence on this point was conflicting, and it was for the jury to determine, from all the proof, whether it had been paid or not, and we can not say the finding was contrary to the weight of evidence.

The court excluded evidence offered by appellant to prove a guaranty of payment made by appellee at the time he sold the note, and in this it is claimed the court erred.

When this case was before this court at a former term, it was held that appellant, having elected to fix appellee's liability as the conditional one of assignor, and sued him as such, was concluded from setting up a different and absolute liability as guarantor. See *Clayes* v. *White*, 65 Ill. 357. The decision then rendered is conclusive upon the question raised.

The appellant also urges that the court erred in giving instructions numbered 10, 15, 22 and 23, for appellee. We do not find any of the instructions printed in the abstract, as they should be when a question is raised upon them. We have, however, gone to the record, and, upon an examination, instruction number 10, in substance, directs the jury that if they find, from the evidence, that Zeigfeldt, at any time after the note became due, had property, real or personal, liable to execution, sufficient to pay the note, then the jury may presume that a suit against Zeigfeldt, the maker, would have been availing. To this we perceive no objection whatever. It could not mislead, and the principle announced seems to be without objection.

The 15th instruction, in substance, declares, the want of knowledge on the part of appellant of property of the maker of the note, if he had property, did not excuse the appellant from proper exertions to collect from the maker.

Instruction number 22 announces the rule established by this court in *Roberts* v. *Haskell,* 20 Ill. 59, that property incumbered does not furnish a sufficient reason for a failure to levy upon it, unless the party omitting to do so is prepared to show that the incumbrance was valid, and a levy would have been wholly unavailing.

The 31st instruction, in substance, declared that, if the maker of the note was the owner of real estate in Will county, and sold the same, and the deed was not placed upon record, the property would be subject to execution by a judgment creditor without notice.

So far as we are able to see, the instructions contained nothing that could be seriously objected to. They certainly could not mislead the jury.

In regard to the indorsed note offered in evidence as a defense, the burden of proof was upon appellant to establish insolvency of the maker, in order to render appellee liable on the note as indorser. Much evidence was introduced, on the trial, by both parties. The evidence was conflicting, and it was the peculiar province of the jury to settle the question of fact from the evidence. This they did, by finding in favor of appellee, and, after a careful examination of all the proof, we are not prepared to say the verdict is contrary to the weight of evidence.

One ground of appellant's motion for a new trial was based upon newly discovered evidence, but, upon an examination of the affidavits filed in support of the motion, the newly discovered evidence was merely cumulative. The decisions of this court are uniform that newly discovered evidence, which is merely cumulative in its character, is no ground for a new trial.

So far as is shown by the record, the parties have had a fair trial. No substantial error appearing, the judgment will be affirmed.

*Judgment affirmed.*