JOHN WINDHEIM

v.

CONRAD OHLENDORF.

1. PROMISSORY NOTE—BLANK INDORSEMENT—WRITING GUARANTY OVER INDORSEMENT.—The law is well settled that the holder of a promissory note has no authority to write a contract of guaranty over the name of an indorser, unless such act is the mere reducing to writing of a previously existing contract of guaranty.

2. EVIDENCE OF PREVIOUS ORAL CONTRACT.—Where a contract of guaranty is written over a blank indorsement in the presence of the court and jury, or even before the trial, and a declaration upon such guaranty, there should be some evidence tending to show the existence of an oral contract of guaranty, before the written contract, denied under oath, should be permitted to go to the jury. In the absence of such proof the court should have admitted the contract of assignment, and excluded from the jury the supposed contract of guaranty.

3. INDORSER'S LIABILITY—DILIGENCE—EVIDENCE THAT SUIT WOULD BE UNAVAILING.—To charge an indorser it must be shown that there has been due diligence by suit to collect the amount from the makers, or that

Windheim v. Ohlendorf.

suit would have been unavailing, and as to the last, hearsay evidence that the land occupied by the makers was mortgaged, is not competent. The mortgages and deeds, or copies of the record, are the best evidence, and should first be produced.

4. PRACTICE—ADMISSION OF EVIDENCE AFTER ARGUMENT BEGUN.— The refusal of the court to allow the defendant to testify after the argument had proceeded, was a proper exercise of discretion.

APPEAL from the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed January 14, 1879.

Messrs. BROWN & MEERS, for appellant; that the execution of an indorsement, when denied under oath, must be proven, cited Rev. Stat. Chap. 79, § 56; Chap. 110, § 34.

An indorsement in blank is a contract under the statute, and cannot be varied by parol: Mason v. Burton, 54 Ill. 350; Beattie v. Browne, 64 Ill. 360; Clayes v. White, 65 Ill. 357.

A party filling in a blank indorsement with a guaranty, must show that such a contract was really made: Dietrich v. Mitchell, 43 Ill. 40; White v. Weaver, 41 Ill. 409; Croskey v. Skinner, 44 Ill. 321; Maxwell v. Van Sant, 46 Ill. 58.

Promissory notes in this State are negotiable only by force of the statute : New Hope Bridge Co. v. Perry, 11 Ill. 467.

A promise to pay a note, made by an indorser before maturity, is no waiver of due diligence to collect of maker: 1 Parsons on Contracts, 270; Story on Promissory Notes, 273; 1 Parsons on Bills and Notes, 592; Savage v. Bievier, 12 How. Pr. 166; Leffingwell v. White, 1 Johns. Cas. 99; Kyle v. Green, 14 Ohio, 490.

It is an abuse of the court's discretion to refuse to admit testimony inadvertently omitted, at any time before the case is closed : Seely v. Pelton, 63 Ill. 101; Mercer v. Sayre, 7 Johns. 306; Lovett v. Adams, 3 Wend. 376.

As to what is due diligence: Saunders v. O'Briant, 2 Scam. 369; Chalmers v. Moore, 22 Ill. 359; Roberts v. Haskell, 20 Ill. 59.

Incumbrances cannot be shown by parol: Roberts v. Haskell, 20 Ill. 59; Clayes v. White, 83 Ill. 540; Chalmers v. Moore, 22 Ill. 359.

A person in possession of land is *prima facie* the owner: Chicago v. O'Brennan, 65 Ill. 165.

Messrs. HILL & DIBBELL, for appellee; that admission of testimony after argument begun, is descretionary with the court, cited Farmer v. Farmer, 72 Ill. 32.

Relevancy of such offered testimony should be shown and the ruling of the court excepted to: Warner v. Manski, 17 Ill. 235; I. & St. L. R. R. Co. v. Miller, 62 Ill. 468.

It was not error to admit the note and indorsement of guaranty, and if error, defendant should have objected or moved to exclude it: Peoria M. & F. Ins. Co. v. Anapow, 45 Ill. 86; Wooters v. King, 54 Ill. 343; Miliken v. Marlin, 66 Ill. 13; Chicago v. Scholten, 75 Ill. 471; Wickencamp v. Wickencamp, 77 Ill. 92; Snyder v. Lafromboise, Breese, 343; Leittich v. Mitchell, 73 Ill. 603; G. & S. W. R. R. Co. v. Birkbeck, 70 Ill. 208; Wilhelm v. The People, 72 Ill. 468; Gardner v. Eberhart, 82 Ill. 316; Reynolds v. Palmer, 70 Ill. 288; People v. Gray, 72 Ill. 346; Johnson v. Adleman, 35 Ill. 265.

If the objection is such that it could be removed by further proof, it must be taken on the trial: Harmon v. Thornton, 2 Scam. 351; President, etc. v. Holland, 19 Ill. 271; Sargeant v. Kellogg, 5 Gilm. 273; Swift v. Whitney, 21 Ill. 144; Stone v. G. W. Oil Co. 41 Ill. 86; Graham v. Anderson, 42 Ill. 515; Howell v. Edmonds, 47 Ill. 79; Moser v. Kreigh, 49 Ill. 84; Hanford v. Obrecht, 49 Ill. 146.

As to plaintiff's right to fill the blank indorsement with a guaranty: Webster v. Cobb, 17 Ill. 459; Smith v. Finch, 2 Scam. 322; Camden v. McKoy, 3 Scam. 437; Croskey v. Skinner, 44 Ill. 321; Hance v. Miller, 21 Ill. 639; Glickauf v. Kauffman, 73 Ill. 378; Pahlman v. Taylor, 75 Ill. 629; Boynton v. Pierce, 79 Ill. 145; Hamilton v. Johnston, 82 Ill. 39; Stowell v. Ramond, 81 Ill. 120.

A promise by an indorser after delivery of the note, but before maturity, to pay it, is a waiver of proof of insolvency or due diligence: Curtiss v. Martin, 20 Ill. 557; Chitty on Bills, 501; Story on Bills, § 371; Tobey v. Berly, 26 Ill. 426; Morgan v. Peet, 32 Ill. 281; Walker v. Rogers, 40 Ill. 278;

Morgan v. Peet, 41 Ill. 347; Givens v. Mer. Nat. Bank, 85 Ill. 442; Thornton v. Wynn, 12 Wheat. 183; Leffingwell v. White, 1 Johns. Cas. 99; Sigerson v. Matthews, 20 How. 500; Whitney v. Abbott, 5 N. H. 378; Bruce v. Lytle, 13 Barb. 163; Lary v. Young, 8 Ark. 401; Jones v. Fales, 4 Mass. 251; Hopkins v. Liswell, 12 Mass. 52; Boyd v. Cleveland, 4 Pick. 524; Taunton Bank v. Richardson, 5 Pick. 436; Coddington v. Davis, 3 Denio, 20; Norton v. Lewis, 2 Conn. 480; Parsons on Bills and Notes, 586; Story on Promissory Notes, § 271; 2 Greenleaf's Ev. § 190.

Insolvency is proved by general reputation, facts or admissions of the maker: Humphrey v. Collier, Breese, 297; Raplec v. Morgan, 2 Scam. 561; Wickersham v. Altom 77 Ill. 622; 1 Phillips' Ev. *378.

Leland, J. This was an action commenced by Ohlendorf against Windheim, then the payee and indorser in blank of a promissory note, of which Thomas Ryan and Dennis Ryan were the makers, and appealed to the Circuit Court.

As the suit was brought before a justice of the peace, where pleadings are oral, we may consider that on the trial in the Circuit Court, the plaintiff had declared against the defendant as indorser and also as guarantor.

After the trial had commenced in the Circuit Court and in the presence of the court and jury, these words were written above the name of Windheim:

" Value received, I assign and guarantee the within note to Conrad Ohlendorf."

The defendant then asked for and obtained leave to file an affidavit, denying the execution of this guaranty so then written, and we think the fair construction of the stipulation that the affidavit was thereafter to be written as of the present time, was that the question of the admissibility of the contract of guaranty should be decided in the same way it would have been if a sufficient affidavit, denying the execution, were then on file. In the affidavit which was filed the word "indorsement" means the guaranty indorsed during the trial on the note over the name, and not the signature or blank indorsement which was there before.

The record shows, we think clearly, that there was an objection to the introduction in evidence of this contract of guaranty, and for the reason that it was thus written without authority over the name, and that the court overruled the objection and admitted it, and that exception was taken. It was conceded that Windheim wrote his name on the back of the note, and that the words of guaranty were written over the name on the trial.

There was no evidence tending to show any other contract than the one the law implies, from the fact that the payee of a note has placed his name only on the back of it. There was no *nol pros.* as to the oral counts on the guaranty in the plaintiff's oral declaration, nor any oral statement of plaintiff equivalent thereto.

The law is well settled that there was no authority to write a contract of guaranty over the name, unless it was the mere reducing to writing of a previously existing contract of guaranty, and we think where it is conceded that words of guaranty are in the presence of the court and jury, or even if before the trial, written over a blank indorsement of the payee of a note, and where there is a declaration on the contract of guaranty, there should be some evidence tending to show the existence of an oral contract to that effect before the written contract, denied under oath, should be permitted to go to the jury. Boynton v. Pierce, et al. 79 Ill. 145. If there were written pleadings, and all the counts on the guaranty were *nol prossed*, so there was no such issue, which the jury had been sworn to try, it might do no harm, and whether pleadings are oral or written, can make no difference.

In this case we think the court should have admitted the contract of assignment, and excluded the offered supposed contract of guaranty (as such contracts are separate and distinct, and unlike each other), in the absence of evidence tending to prove any contract of guaranty, and the court could easily, in its ruling, have separated the one from the other, notwithstanding the improper attempt of plaintiff to intermingle them.

The jury having such written contract of guaranty with them in their room, admitted by the court without explanation

against the objection of the defendant, might well consider it properly before them as evidence to be considered, and if so, entirely sufficient without troubling themselves about the more complicated questions growing out of the contract of assignment, and as they had sworn to try the issues they would feel compelled legally to do so, and decide the issue as to the guaranty for the plaintiff. Nor do we think it a sufficient answer to say that the court would, if asked by defendant, have instructed the jury that though both contracts were in evidence, they should treat one of them as not in. We cannot say what might have been done; all we can say is that one of the contracts was improperly in evidence.

There was, it is true, a trial as to the liability of defendant as endorser, but we cannot tell whether the jury found against him as endorser or guarantor.

As to the trial of the issue in relation to defendant's liability as endorser, there was, we think, error. It was of course, necessary to prove due diligence by suit against the makers, or that such suit would have been unavailing, or some change of the conditional promise to an absolute one of defendant to pay plaintiff if the makers of the note did not, and that there was some consideration for such absolute promise.

On that branch of the case, that a suit was unavailing because of the insolvency of the makers of the note, or that there was not due diligence by suit, it appeared that the makers and a brother were residing on a farm, claiming to own it, and therefore *prima facie* the owners thereof. City of Chicago v. O'Brennan, 65 Ill. 165. In order to show that there was nothing to be made out of this real estate, plaintiff was permitted against objection, to prove by witnesses that they had heard that the land was mortgaged, and also that it had been sold. As to diligence by suit, see Saunders v. O'Briant, 2 Scam. 369. The objection to this evidence was put upon the ground that such facts could not be proved by hearsay and mere rumor, but that the best evidence should be produced, viz.: the mortgages and deeds or copies from the recorder's office.

We think the objection made should have been sustained, and that the court erred in allowing that kind of evidence.

Roberts v. Haskell, 20 Ill. 59; Chalmers v. Moore, 22 Ill. 359; Clayes v. White, 83 Ill. 540.

The refusal of the court to allow the defendant to testify after the argument had proceeded so far, was a reasonable and proper exercise of discretion. Counsel for defendant ought to know all that their client could testify to before entering on the trial. After the argument has commenced witnesses often leave the court room, and it would be improper, as a general rule, to allow a witness to be examined at that stage of the proceedings, when those who might contradict him had left; though it might in some cases be a proper exercise of discretion. There are other points made as to proving insolvency by general reputation, rumor, etc., and as to an instruction on the subject of a supposed promise by defendant to pay the note to plaintiff, if makers did not; but we have already said all that is necessary.

For the errors aforesaid the judgment is reversed and the cause remanded.

Reversed and remanded.