CHARLES D. F. SMITH

*v.*

ALBERT M. BILLINGS *et al.*

170    543
208    4602

*Opinion filed December 22, 1897—Rehearing denied February 2, 1898.*

1. SET-OFF—*equity follows the law in allowing set-off, except in special cases.* Equity will not allow a set-off where it would not be allowed at law, unless some special equity exists, such as the insolvency of the party owing the cross-demand, or some other special reason calling for the exercise of equitable jurisdiction.

2. SAME—*demands of defendant unconnected with mortgage debt can not be set off in foreclosure.* In a suit to foreclose a mortgage, demands of the defendant against the complainant, of an equitable nature, unconnected with the mortgage debt, and which are the subject of a pending suit in chancery, cannot be set off against the mortgage debt, in the absence of special equitable grounds.

3. SAME—*what is not sufficient equitable ground for allowing set-off in foreclosure.* The fact that unless a set-off is allowed against a mortgage debt a foreclosure and sale of the defendant's homestead will follow, is not sufficient equitable ground for allowing a set-off not allowable at law, where such sale is contemplated by the mortgage contract in the event of the non-payment of the mortgage debt.

4. PRACTICE—*court may refuse leave to introduce evidence not presented to master.* Where a cause has been referred to the master to take and report the evidence, with his conclusions, upon the overruling of the defendant's exceptions to the master's report the court may refuse leave to the defendant to introduce evidence in open court, as such evidence should be presented to the master.

APPEAL from the Appellate Court for the First District;—heard 'in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

W. P. BLACK, for appellant:

Courts of equity will not grant relief by decreeing the foreclosure of a mortgage, when it is against equity that payment of the mortgage indebtedness should be enforced. *Ex parte Stephens*, 11 Ves. 24.

Set-off is an original ground of equity jurisdiction. Such jurisdiction was entertained by the English courts of chancery long before the passage of any statute on the subject. It was borrowed from the doctrine of compensation in the civil law. Story's Eq. Jur. secs. 1437, 1438; *Jordan* v. *Bank*, 74 N. Y. 467; *Blake* v. *Langdon*, 19 Vt. 485; *Hughes* v. *Trahern*, 64 Ill. 48.

When there are cross-demands between two parties, of such a nature that if both were recoverable at law they would be the subject of a legal set-off, then, if either of the demands is a matter of equitable jurisdiction, the set-off will be enforced in equity. Story's Eq. Jur. sec. 1436*a; Clark* v. *Cort*, 1 C. & P. 154.

In a suit in equity for the foreclosure of a mortgage the defendant may set off any demand which he may have against the complainant which he could set off had suit at law been brought on the notes. Jones on Mortgages, sec. 1496; Waterman on Set-off, 446; *Bell* v. *Ward*, 10 R. I. 503; *Peck* v. *Bligh*, 37 Ill. 317.

Any debt or money claim which defendant has against plaintiff, arising out of ordinary transactions between the parties, which was due and unpaid when suit was brought, can be set off. *Russel* v. *Redding*, 50 Ala. 448; *Allen* v. *Maddox*, 40 Iowa, 124; *Smith* v. *Taylor*, 9 Ala. 633; 8 Gill, 192.

The right of trial by jury does not deprive a court of equity of jurisdiction. *Wolverton* v. *Taylor*, 43 Ill. App. 424; *Gage* v. *Ewing*, 107 Ill. 11.

WINSTON & MEAGHER, (SILAS H. STRAWN, and JAMES F. MEAGHER, of counsel,) for appellees:

Unliquidated damages are such damages as require determination by the estimate of a court or jury. They are damages unagreed upon, unascertained and undetermined. 2 Bouvier's Law Dic.; Century Dic.; *Robison* v. *Hibbs*, 48 Ill. 408.

An unliquidated demand in no way connected with the mortgage debt, for the recovery of which a bill to foreclose a mortgage has been filed, cannot be set off against the mortgage debt unless there be some peculiar equity in the case to take it out of the general rule. *Jennings* v. *Webster*, 8 Paige, 503; *Derby* v. *Gage*, 38 Ill. 27; *Downs* v. *Jackson*, 33 id. 465; *Litch* v. *Clinch*, 136 id. 410; *Parkinson* v. *Trousdale*, 3 Scam. 367; Waterman on Set-off, sec. 428; *Armstrong* v. *McKelvey*, 104 N. Y. 179; Story's Eq. Jur. (13th ed.) sec. 1436; *Rawson* v. *Samuel*, 1 C. & P. 161.

Appellant had every opportunity to introduce evidence before the master. He was not entitled to introduce evidence at the hearing of exceptions to the master's report, or after the making of said report. Such a practice would render the report of the master useless. *Gould* v. *Banking Co.* 136 Ill. 60; *Insurance Co.* v. *Slee*, 123 id. 579; *Cox* v. *Pierce*, 120 id. 556; *Huling* v. *Farwell*, 33 Ill. App. 238.

Per CURIAM: Appellee filed his bill to foreclose a mortgage given by appellant to secure his three promissory notes given for borrowed money. Appellant by his answer and cross-bill claimed the right to set off against the mortgage debt certain alleged demands of his against the complainant, some of a legal and others of an equitable nature, for the recovery of which he then had pending two chancery suits and one action at law. Exceptions to the answer and a demurrer to the cross-bill were sustained, and upon the report of the master a decree was entered for the full amount of the principal and interest due on the mortgage debt and ordering the sale of the

property. The Appellate Court affirmed this decree, and the appellant, still insisting it is erroneous, now asks its reversal here.

The principal contention of appellant is contained in the following propositions taken from his brief: "That in a suit in equity for the foreclosure of a mortgage the defendant may set off any demand which he may have against the complainant which he could set off had suit at law been brought on the notes. Had suit been brought in a court of law to collect the amount due upon the mortgage notes a set-off might be had by the defendant, Smith, of all claims against Billings of a legal character set up in the cross-bill in this case." In support of these propositions, *Peck* v. *Bligh*, 37 Ill. 317, *Bell* v. *Ward*, 10 R. I. 503, Jones on Mortgages, 1496, Waterman on Set-off, 446, and other authorities, are cited. So far as applied to the case at bar, *Peck* v. *Bligh* is not in point.

If the correctness of the propositions stated by appellant were conceded, they would not embrace the mere equitable demands of appellant, which, at the time they were set up in this suit, were the subject matter of an accounting sought by the two bills in chancery already pending against appellee. Even if the contention be also admitted that the fact that appellant already had suits pending for the recovery of the same demands (and this fact appeared by the cross-bill) would not preclude him from setting off the same demands in this suit, (*Clayes* v. *White*, 65 Ill. 357, *King* v. *Bradley*, 44 id. 342,) still, it can not be contended, and we do not understand counsel to contend, that if appellee had brought an action at law to recover the mortgage debt, appellant could, by plea of set-off or otherwise, have set up against the mortgage debt his alleged equitable demands against appellee.

While it is undoubtedly true that equity had original jurisdiction in matters of equitable set-off before the enactment of statutes authorizing set-off in actions at law, (22 Am. & Eng. Ency. of Law, 211, 416, *Hughes* v. *Trahern*,

64 Ill. 48,) still, as a general rule, equity follows the law, and will not allow a set-off where it would not be allowed at law unless there be shown some special equity, such as the insolvency of the party owing the cross-demand, or some other special ground for the exercise of equitable jurisdiction. Thus it was said in *Raleigh* v. *Raleigh*, 35 Ill. 512, that "courts of equity will not enforce a set-off not allowed by law unless the party asking it can show some equitable ground for being protected against his adversary's demand. The mere existence of cross-demands is not sufficient." And it was held that insolvency of the one owing the cross-demand is ground for the exercise of equitable jurisdiction. So also "where there has been a mutual credit given by each upon the footing of the debt of the other, so that a just presumption arises that the one is understood by the parties to go in liquidation or set-off of the other." (*Howe Machine Co.* v. *Hickox*, 106 Ill. 461.) See, also, *Derby* v. *Gage*, 38 Ill. 27, where the cross-claim was for unliquidated damages and had no connection with the subject matter of the bill, and no showing of insolvency was made. And in *Downs* v. *Jackson*, 33 Ill. 464, where a bill was brought for contribution and set-off, this court said: "The plaintiff in error was not entitled to the set-off claimed by the bill. There was no proof of the insolvency of the defendant in error, nor of any special equity requiring the set-off to be made. The demands were not necessarily connected with each other. That of the plaintiff in error arose out of the contract of partnership; that of the defendant in error from the sale of certain furniture, and there was no understanding between the parties that the one demand should be set off against the other. They were mere cross-demands. The obligation of the plaintiff in error was to pay his notes when they became due, without reference to the affairs of the partnership, and there is no equity shown for blending the two matters together, contrary to the agreement of the parties." See, also, *Quick* v. *Lemon*, 105 Ill. 578, where

it was held that the non-residence of the complainant seeking to enforce his judgment would, the same as in cases of insolvency, entitle the defendant to the set-off set up in the cross-bill.

The contention of appellant in the case at bar seems to be,—first, that because the suit to foreclose was in equity, any demands of appellant against appellee enforcible in equity, though in nowise connected, by agreement or otherwise, with the debt or the mortgage, could by answer and cross-bill be set off against the mortgage debt without showing the insolvency of appellee or other special equitable grounds for allowing such a set-off; and second, that sufficient special equity appeared to authorize the set-off when it appeared that if the set-off were not allowed a foreclosure and sale of appellant's homestead would follow. Neither of these positions is tenable. A set-off will not be allowed in equity where it would not at law, unless some special equity be shown. In the next place, the mortgage provided for foreclosure and sale of the property if the mortgage debt should not be paid, and the setting up in the cross-bill that such a result would follow in case the set-off should not be allowed would not, like the allegation of the insolvency or non-residence of the opposite party, show any special equitable reason why equity should entertain the plea of set-off where it would not be entertained at law. In case of insolvency the cross-demand would be lost if the owner of it were not allowed to set it off against the demands of the insolvent against him; but in this case, so far as the pleadings show, any judgment or decree which the cross-claimant may recover against his adversary can be readily collected, and no special equitable ground for allowing the set-off is shown, by alleging that the result contemplated in the contract will follow a default in payment of the mortgage debt. Suppose appellant had set up in his cross-bill a partnership between him and appellee, had asked for a dissolution, and alleged that upon an

accounting and settlement of the partnership affairs it would appear that appellee was indebted to him in a large amount, which he offered to set off against the mortgage debt; would any one contend that, without showing some special equitable reason therefor, such a set-off would be entertained by a court of equity? Surely not. Nor, as to the mere equitable demands set up in the cross-bill and embraced in the two chancery suits previously brought against appellee by appellant, can the set-off be entertained here. It follows that in respect to them no error was committed below.

We shall not consider whether or not error was committed in refusing to allow as a set-off the legal demands of appellant set up in the cross-bill, and which had been sued for in the suit in assumpsit, for the reason that a judgment against appellant in that suit has been affirmed by this court showing that he has no such cross-demands. No reason is perceived why we should inquire whether or not a harmless error has been committed.

Objections were filed before the master by appellant, which, on being overruled, were renewed as exceptions in the circuit court. The court overruled the exceptions, and appellant then asked leave to introduce evidence in open court to sustain his answer. It is insisted that the court erred in refusing this motion. No error was committed. The cause had been referred to the master to take and report the evidence and to report his conclusions. Appellant should have presented his evidence to the master. (*Cox* v. *Pierce*, 120 Ill. 556.) Nor was appellee required, under the provisions of the mortgage, to give notice to appellant of his election to declare all of the notes due upon the default of appellant in paying the interest and the principal of the two notes which were due.

Finding no harmful error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*