|110   109|
|a209s 261|

## Warren Springer v. Samuel R. Lipsis.

1. CHATTEL MORTGAGES—*Valid Between the Parties Although Improperly Acknowledged.*—A chattel mortgage, although improperly acknowledged, is good as between the parties where the mortgagee has taken possession under it. The defects become immaterial except as to creditors then having a lien upon the goods.

2. SAME—*Mortgagee May Turn His Possession Over to Anybody as His Agent.*—A mortgagee having acquired lawful possession of the mortgaged goods may turn that possession over to anybody, even to the mortgagor, as his agent, without the loss of any of his rights.

3. SAME—*Where Symbolic Delivery is Sufficient to Transfer Possession.*—Where the mortgaged goods are of such a nature that they will not admit of an actual manual delivery, a symbolic delivery is sufficient to transfer the possession where such is the intention of the parties.

4. LIENS—*Landlord's Lien for Rent Past Due—When it Arises.*—In this state, except as to growing crops, the lien of the landlord for rent past due does not arise until the goods are distrained.

Trover.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 15, 1903.

In March, 1898, appellee brought an action of trover against appellant and one McDonald. The declaration charged that in October, 1897, appellee was legally possessed of the goods in question, being of the value of $5,000, and on that day lost them, and they came into the possession of the defendants, who converted them to their own use.

McDonald filed a plea of the general issue. Appellant filed a plea setting up the levy of a distress warrant upon and a sale of the goods under that writ. Upon trial the jury found appellant guilty and assessed appellee's dam-

ages at $1,035. From the judgment entered upon that verdict this appeal was perfected.

It is shown by the record that appellant owned the building known as Nos. 214–216 South Clinton street in the city of Chicago. In May, 1896, he rented a part of his building, from June 15, 1896, to November 30, 1897, to one Louis Hammerslough, to be used in the manufacture of printer's ink. Hammerslough, with the consent of appellant, assigned the lease to the Midland Printing Ink Co., which thereafter occupied said premises and used the same, together with the goods in question, in the manufacture of ink. December 21, 1896, the Midland Co. made and delivered a chattel mortgage of said goods to appellee to secure the payment of its note to his order for the sum of $2,000, dated June 10, 1896, and due three months after date. October, 1897, appellee gave Morris R. Rosenwald power of attorney to act for him in the premises. Under that authority, on the same day, Rosenwald took possession of the plant of the company under the power contained in the mortgage, for default in the payment of the money evidenced by said note, posted a notice of sale of said goods upon the door of the premises, and placed Hammerslough in possession, with instructions to carry on the business. On this date there was $200 due to appellant under said lease. October 11, 1897, appellant, by Gallup, "who was business manager for Mr. Springer," by letter, notified Rosenwald, "attorney in fact for Samuel R. Lipsis," that "I will hold you responsible for the rent of the premises 214–216 S. Clinton street, under lease from me by the Midland Printing Ink Co., during the time you are in possession."

October 14, 1897, appellant placed the distress warrant in the hands of his agent. Under that writ the goods were distrained upon and afterward sold. When the agent came to seize the goods one Patrick J. Findlay, an employe of Hammerslough, was in possession of the premises. Appellant, through his agent, turned him out, took possession of the goods and premises, and locked the outside door.

Appellee made immediate demand for the return of the goods, without avail.

W. N. GEMMILL, attorney for appellant.

DAVID R. LEVY and DOUGLAS C. GREGG, attorneys for appellee.

A chattel mortgage is but a conditional sale, and when the mortgagor fails to perform the condition, the title to the mortgaged property, so far as it is held by the mortgagor, vests in the mortgagee. The fact that the mortgagee is required to sell the property, and render the surplus, after the payment of the debt, etc., to the mortgagor, will not prevent the title from vesting in the mortgagee, as purchaser. Durfee v. Grinnell, 69 Ill. 371; McConnell v. People, 84 Ill. 583; Cobbey on Chat. Mort., Sec. 4.

Chattel mortgage is good between the parties without compliance with the chattel mortgage act. Badger v. Paper, Co., 70 Ill. 306; Webster v. Nichols, 104 Ill. 160; Gregg v. Sanford, 24 Ill. 17; McDowell v. Stewart, 83 Ill. 538; Forest v. Tinkham, 29 Ill. 141; Jones v. Noel, 139 Ill. 381; Hogan v. Akin, 181 Ill. 452.

Where chattel mortgage act has not been complied with, the mortgage, while good as between the parties, may be void as to creditors, with liens. Jones v. Noel, 139 Ill. 381; Van Heusen v. Radcliff, 17 N. Y. 583.

If the mortgagee takes possession under his mortgage before any other lien attaches, his title under the mortgage is good against everybody, if it was previously good between the parties. Cobbey on Chat. Mort., Sec. 498, cases cited; Chipron v. Feikert, 68 Ill. 284; Frank v. Miner, 50 Ill. 444; O'Neil v. Patterson & Co., 52 Ill. App. 26; Pinkstaff v. Cochran, 58 Ill. App. 76; Gittings v. Nelson, 86 Ill. 591.

If the mortgagee has taken possession, and turned it over to the mortgagor as his agent, it is the same as though the mortgagee had placed any one else in charge of it. It is in his possession in law, and he may maintain suit for any interference with his possession. Cobbey on Chat. Mort.,

Sec. 484; Wentworth v. People, 4 Scam. 550; Nelson v. Wheelock, 46 Ill. 25; Bailey v. Godfrey, 54 Ill. 507; Pike v. Colvin, 67 Ill. 227; Prior v. White, 12 Ill. 261; Durfee v. Grinnell, 69 Ill. 371.

MR. JUSTICE BALL delivered the opinion of the court.

There is a conflict of evidence as to the possession of the premises and of the goods prior to and at the time of the levy. The verdict decides this question in favor of appellee. An examination of the record brings us to the same conclusion.

The chattel mortgage, although imperfect, was good as between the parties. The mortgagee having taken possession under it, these defects became immaterial, except as to creditors then having a lien upon the goods. Porter v. Dement, 35 Ill. 480; Chipron v. Feikert, 68 Ill. 285; McDowell v. Stewart, 83 Ill. 540.

The mortgagee having acquired lawful possession, may turn that possession over to any one, even to the mortgagor, as his agent, without the loss of any of his rights. Funk v. Staats, 24 Ill. 632.

These goods were of such a nature that they did not admit of an actual manual delivery. In such case the law holds that where such is the intention of the parties, a symbolic delivery is sufficient to transfer the possession. Kellogg v. Peterson, 162 Ill. 160.

In this state, except as to growing crops, the lien of the landlord for rent past due does not arise until the goods are distrained. Hart v. Wing, 44 Ill. 141; Feltenstein v. Stein, 157 Ill. 19. Here the distraint was made fourteen days after appellee had entered into possession. Hence such distraint was unlawful.

The witnesses who stated the value of the goods were competent to testify thereto. The verdict is well within the evidence in that regard.

We have considered the further contentions of counsel for appellant, and do not find any one of them well founded.

The judgment of the Circuit Court is affirmed.