The People of the State of Illinois ex rel. Oscar Nelson, as Auditor, etc., v. Exchange State Bank of Chicago et al.

Appeal of Union Bank of Chicago, as Receiver in the Superior Court of Cook County, Case No. 472109, Appellant, v. William J. Rathje, as Receiver of Exchange State Bank of Chicago, Appellee.

Gen. No. 34,738.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed January 26, 1931.

EDGAR H. SCHROEDER, for appellant.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the Union Bank of Chicago, as receiver appointed by the superior court of Cook county, in a foreclosure suit, seeks to reverse an order of the circuit court of Cook county denying its petition, whereby it claimed $1,800 due at the rate of $300 a month from William J. Rathje as receiver of the Exchange State Bank of Chicago.

The record discloses that on February 28, 1928, the Union Bank of Chicago was appointed receiver of certain premises on which a mortgage was being foreclosed by the superior court of Cook county. Part of the premises for which the receiver was appointed were occupied by the Exchange State Bank of Chicago. During the pendency of the foreclosure proceeding the Auditor of Public Accounts of the State closed the Exchange State Bank and Rathje was appointed receiver under the statute. A few days thereafter the auditor filed suit in the circuit court of Cook county for the dissolution of the bank and on December 14, 1924, the circuit court approved the appointment of Rathje as receiver. Rathje took possession of the bank and occupied the premises in the building being foreclosed until May 19, 1930, and it is to recover from Rathje as receiver, for the use and occupation by him of a portion of the premises that the receiver in the foreclosure suit filed its petition in the suit pending in the circuit court for the dissolution of the bank.

There is no dispute as to the amount claimed to be due by the receiver in the foreclosure suit, but the defense interposed is that the mortgagor, the Allied Building Corporation, who owned the premises being foreclosed, was in financial difficulties in October, 1928,

and was unable to complete the construction of the building, there being various contractors and material men to whom it owed money. Thereupon the mortgagor requested and authorized the Exchange Bank to pay the various contractors and material men so that the building might be completed and rendered tenantable not only by the Exchange Bank but other tenants, and agreed that the amounts so paid by the Exchange Bank should be credited on the rent accruing under the lease which the Exchange Bank had with the mortgagor. It further appears that pursuant to this agreement the Exchange Bank from time to time paid out various sums aggregating $3,273.71. The court found, after hearing the evidence, that the amounts thus expended by the Exchange Bank inured to the benefit of the mortgagee, and further found that the creditors of the Exchange Bank, which was being liquidated, would not receive more than 50 per cent of their claims, and that in equity and good conscience the receiver of the Exchange Bank ought to be permitted and allowed to set off the advance paid out as above mentioned against the claim of the receiver appointed in the foreclosure suit.

The receiver in the foreclosure suit contends that the ruling was wrong because the mortgage involved in the foreclosure suit pledged the rents and profits of the building as security for the debt in addition to the land and that upon the appointment of the receiver by the superior court the receiver was entitled to collect the rents from that date from the tenants occupying the premises even though the rent might be considered to have been paid in advance by the Exchange Bank.

It is the law that where a receiver is appointed in a foreclosure proceeding, where the rents and profits of the land are conveyed by the mortgage, they constitute a primary fund equally with the land for the payment of the debt, and that where a receiver is ap-

pointed under such a mortgage a tenant may be compelled to pay the rent to the receiver although he has, prior to the appointment of the receiver, paid his rent in advance. *Greenebaum Sons Bank & Trust Co. v. Kingsbury,* 248 Ill. App. 321. And under this rule of law counsel for the receiver in the foreclosure suit contends that the prayer of its petition should have been allowed and the receiver of the bank required to pay the $1,800. But we think the rule of law is inapt here because it would be unjust and unconscionable to require the Exchange Bank or its receiver to pay for the use and occupation when the bank had theretofore paid out at the request of the mortgagor, towards the completion of the building, more than the receiver in the foreclosure suit claims, and which it was agreed should be applied on the rent. The building could not have been completed without the advances made by the Exchange Bank and therefore no rent could have been obtained for the premises. We think in equity and good conscience the ruling was right. *Printy v. Cahill,* 235 Ill. 534. In that case the court said (p. 539): "Equity has original jurisdiction in matters of equitable set-off, independently of the statute authorizing set-offs in actions at law. (*Hughes v. Trahern,* 64 Ill. 48; *Smith v. Billings,* 170 Ill. 543.)"

To the same effect is 34 Cyc. where it is said (p. 633):

"The power to compel a set-off of debts was exercised by courts of equity prior to any statute on the subject, and exists independent of those statutes, being allowed upon the general principles of equity and upon the equitable jurisdiction of the court over its suitors, and statutes allowing set-offs have not taken away the equitable jurisdiction. . . ."

The order of the circuit court of Cook county is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.