# Curtis M. Rowley

## *v.*

## George James.

1. Mechanics' lien — *decree as to time of payment.* A decree enforcing a mechanics' lien should fix a reasonable time within which the money is required to be paid ; and in default of payment within the time, decree a sale of the premises, or a sufficient portion to satisfy the amount for which the decree is rendered.

2. Same — *requisites to constitute* — *pleadings and proofs.* Petitioners for the benefit of a mechanics' lien must show, in their pleading, a time within which the contract was to be performed by the agreement, and the time when the money was to be paid, as limited by the act, and on the hearing, these allegations must be proved.

Rowley *v.* James.

3. SAME—*upon implied contracts.* It seems a mechanics' lien cannot arise upon an implied contract.*

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. GEORGE MANIERRE, Judge, presiding.

This was a proceeding commenced in the Circuit Court, on the 9th day of October, 1856, by George James against E. G. Phelps and Curtis M. Rowley, to enforce a mechanics' lien.

The petition set forth that in the month of May, 1856, the petitioner, James, was engaged in the business of painting at the town of Waukegan, in Lake county. That during that month he entered into a contract at Waukegan, with Phelps, then of the same place, by the terms of which James agreed to do painting for Phelps upon a house and barn which Phelps had then erected upon certain described premises in said town.

That in pursuance of that contract, James did, during the said month of May, paint for Phelps the house and barn, for which labor Phelps agreed to pay James the sum of sixty dollars, which was due and remained unpaid. That the time for the completion of the contract was not extended for a longer period than three years from the making thereof, nor the time of payment beyond the period of one year from the completion thereof.

That about the 1st of July, 1856, Phelps, becoming pecuniarily involved, so as to be unable to pay his liabilities, sold the said premises to Rowley, and that a part of the consideration of the sale was, that Rowley should pay and satisfy all liens and demands which existed against said buildings, among which was the lien of James. That Rowley knew of the contract between Phelps and James, and of the perform-

---

* NOTE BY THE REPORTER. The law is different now. By the act of Feb. 18, 1861, it is declared: " That chapter sixty-five of the Revised Statutes of 1845, entitled 'Liens,' shall be held to include implied as well as expressed contracts, under which labor or materials are furnished, at the request of any owner of land or town lot, for erecting or repairing any building or the appurtenances of any building on such land or town lot, where no price is agreed upon, or no time is expressly fixed for the payment of such labor, or for the furnishing of such labor or materials: *Provided,* that the work is done or materials furnished within one year from the commencement of said work or the commencement of furnishing said materials." Session Acts of 1861, p. 179.

ance of the labor by James, both at the time it was being done, and at the time of the conveyance to him.

The answer of Rowley, sworn to, admitted that in May, 1856, the petitioner was engaged in the business of painter; but says he had no knowledge, information or belief, as to whether he entered into a contract with Phelps, as in his petition alleged — or whether, in pursuance of the contract, the petitioner performed labor upon the building in the petition described, of the value set forth — or whether Phelps agreed to pay him sixty dollars therefor, as alleged — or whether there was any sum of money unpaid from Phelps to the petitioner, as set forth in the petition — or whether there was any time agreed upon between Phelps and the petitioner for the completion or payment upon any contract between them, except as hereinafter stated ; but admits, upon information, that the petitioner did perform some labor in painting for Phelps upon said house and barn, as a day laborer, without any special contract being entered into between Phelps and him with reference to the labor, as to time, price, or payment for the same. And he expressly charged the fact to be, that for the labor performed by the petitioner for Phelps, it was agreed between them that the petitioner was to receive his pay in carpenter work of Phelps ; and that when he purchased the interest of Phelps in said premises, he called upon the petitioner to ascertain if he had any lien or claimed any upon the premises, and he expressly stated to the defendant that he had none. That the defendant offered to provide for the payment of the same in the purchase of Phelps, if he had any, but said petitioner stated to the defendant that he had none. Admitted that the interest of Phelps in said premises, and the transfers and contracts between Phelps and himself, were correctly stated in the petition — but he expressly denied that when he purchased Phelps' interest in said premises, that any portion of the consideration of the sale was, that he should pay and satisfy all liens and demands which existed against the buildings upon said lot, or the lien of said petitioner, or any lien. And says he never had any knowledge of the pretended lien of said petitioner, or any other person.

Rowley v. James.

That he was informed and believed, and so charged the fact to be, that the pretended lien of the petitioner was wholly fictitious and fraudulent, and prayed to be hence discharged, with his costs.

Upon the trial below, it appeared from the evidence of Horatio James, that Rowley, at the time he was negotiating with Phelps for the purchase of the premises in question, had knowledge of the fact that the petitioner had performed the labor upon the house and barn, as mentioned in the petition, which amounted to some sixty or seventy dollars, and which was understood to be a claim against the property.

He proposed to assume the payment of the claim, deducting the amount from the purchase-money, but the petitioner declined to change his security by accepting Rowley, preferring to look to Phelps and getting his work from him, as he had a contract with Phelps by which he was to receive his pay in that mode.

There were other claims against the house, and Rowley wanted them all; he did assume a portion of them, and deducted the amount from the purchase-money, giving his own due bills therefor; but this claim of James was not included in that arrangement.

It was admitted by defendant, Rowley, that the work claimed in this suit was done on the premises described in the petition, and that if petitioner is entitled to recover therefor upon this petition and procedure, under the *law* and the *evidence*, he is entitled to a lien on the premises.

The defendant, Phelps, did not appear, and the petition was taken for confessed against him.

The court below entered a decree as follows:

"It is therefore ordered and decreed by the court, that the said petitioner have and obtain of said defendants the said sum of sixty dollars, for his damages assessed, with his costs, and that the same be and they are hereby adjudged a lien upon the premises mentioned in said petition, to wit: Lot No. 10 in Block 11, in original town of Little Fort, (now Waukegan), in the county of Lake and State of Illinois, and that he have execution therefor; and it is further ordered, that a

special execution for a sale of the premises be issued, to satisfy the said damages and costs."

Thereupon the defendant, Rowley, sued out this writ of error.

The following is the assignment of errors:

1. The court erred in deciding the petitioner entitled to a *lien*, and in rendering a decree for the complainant. The decree is against law.

2. In awarding execution and decreeing a sale of the premises, and not allowing or fixing *any time* for the payment of the money decreed to be paid before the sale. By the terms of this decree, execution might have been issued on adjournment of court, and the premises advertised and sold immediately.

3. The petitioner by his petition does not bring himself within the statute upon which the same is predicated.

No time is alleged within which the contract or labor was to be performed, nor when the money therefor was to be paid.

Both *petition* and *proof* show that no time was specified by contract within which it should be performed.

No contract of any kind is alleged.

None is proved.

The petition is brought and rests upon an *implied contract*.

4. The proof is insufficient to sustain the allegations of the petition.

Furthermore, there is a fatal variance between the proof and allegations.

Mr. H. P. Smith, for the plaintiff in error.

The act of 1845 governs the proceedings in this case.

It was improper to decree a sale of the premises, and award execution, without allowing or fixing any *time* for the payment of the money decreed to be paid, before sale. By the terms of this decree, execution might have been issued on the adjournment of court, and the premises advertised and sold immediately. *Claycomb* v. *Cecil*, 27 Ill. 500; *Link* v. *Architectural Iron Works*, 24 Ill. 551.

Both the petition and proof show that no time was specified by contract within which the labor was to be performed, nor when the money therefor was to be paid. *Brady* v. *Anderson*, 24 Ill. 112; *Phillips* v. *Stone*, 25 Ill. 80; *Columbus M. & M. Co.* v. *Downer*, ib. 169; *Scott* v. *Keeling*, ib. 358; *Cook et al.* v. *Heald et al.*, 21 Ill. 425; *Same* v. *Vreeland*, ib. 431; *Same* v. *Rofinot*, ib. 437; *Senior* v. *Brebnor*, 22 Ill. 252; *McClerkin* v. *Lagon*, 23 Ill. 79; *Moser* v. *Matt et al.*, 24 Ill. 198.

The allegations contained in the petition are not sustained by the proof. *Stein* v. *Shultz*, 23 Ill. 646.

Mr. E. P. FERRY, for defendant in error.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

All of the errors are well assigned in this case. Neither the petition, nor the proof, makes out a lien under the statute of 1845, which controls this contract. No time was specified for the completion of the work, or the payment of the money. Indeed, the petition is upon an implied contract. We have so often decided these questions that their further consideration is unnecessary.

The decree is reversed, and the suit remanded.

*Decree reversed.*