## WILLIAM M. DERBY

### v.

## GEORGE W. GAGE et al.

1. PRACTICE IN CHANCERY—*when the answer is evasive.* If the answer of a defendant in chancery is evasive, the complainant should except to it, and compel a specific statement in reference to the subject evaded, or file a replication and take proof thereon.

2. SAME—*when answer taken as true.* Where there is a hearing upon bill and answer alone, the answer will be taken as true.

3. PARTNERSHIP—*liability of partners as among themselves.* Where one of several partners who has in his hands all the assets of the firm is called upon by some of his co-partners for an account, the mere fact that he has paid other members of the firm their portions, will not bind him to anticipate a sale of partnership property in his hands in settling with those seeking the account.

4. SET OFF IN EQUITY—CROSS-BILL. A claim of set off, having no connection with the subject matter of the suit, can only be heard upon cross-bill.

5. And a cross bill should not be permitted to be filed for that purpose, unless it is shown to the court by affidavit, that the complainants are in such pecuniary circumstances that the alleged claim is likely to be lost unless allowed to be set off.

6. PARTIES—*in suit for an account between partners.* In a suit in chancery by a portion of the members of a co-partnership, against another who has in his hands all the assets of the firm, for an account thereof, all the partners are necessary parties.

7. INTEREST—*when recoverable—on taking an account between partners.* And in such a proceeding the complainants are entitled to interest on the amount found due them, from the time they demanded payment.

APPEAL from the Circuit Court of Cook county, the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was a suit in chancery, instituted in the court below by George W. Gage and. William T. Tucker against William M. Derby, Henry S. Monroe, Henry T. Porter, Henry Peake and Artemus W. Delong, for the settlement of a partnership account. A decree was rendered, dismissing the bill as to all the defendants except Derby and Monroe, and finding that Derby, according to his own admissions, had in his hands of the money of the complainants, the sum of $5,500, which he was directed to pay over to them. From that decree the defendant Derby took his appeal. The features of the case upon which question is made, are sufficiently presented in the opinion of the Court.

Mr. JOHN J. McKINNON, for the appellant.

Mr. CHARLES C. BONNEY, Mr. CHARLES W. GRIGGS and Messrs. WAITE & TOWNE, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by the appellees against the appellants for the settlement of a partnership account. The case was heard on bill and answer, and the court decreed the defendant, Derby, to pay the complainants, Gage and Tucker, $5,500, the sum originally invested by them.

The bill alleges a partnership, for the purpose of buying cotton, to have been formed between the complainants, the defendant Derby, and several other persons, to which various sums were contributed by the different parties. From the answer it appears that the entire capital and business were under the control of the defendant Derby—that the venture for the purchase of cotton resulted in no profits, but in saving about the capital invested—that two of the partners then retired and others were received into the concern—that the complainants allowed their $5,500 to remain, and that the

capital and business remained as before, under the control of Derby. He took a boat load of goods to Vicksburg, with a view of selling them and buying cotton. He says in his answer that he sold the greater part of the goods, but was not permitted to buy cotton, and returned with the unsold goods, which are now stored in Chicago. He admits that he has paid two of the partners the amount invested by them, thinking there would be no loss, but he thinks nothing will be made, and that if he charges his expenses, which he claims the right to do, there will be a loss of about four hundred dollars. He says, however, he is willing to pay the complainants the amount invested by them, if they will allow him $2,480, which he claims to be due from them to him on a transaction not having the most remote connection with this partnership.

We are inclined to the opinion, judging from the general spirit and character of this answer, that no great injustice has been done by this decree. At the same time we cannot affirm it without disregarding the settled rules of chancery practice, which the appellant has a right to, and does invoke. The decree proceeds on the ground, and indeed recites, that Derby admits the possession of $5,500 belonging equitably to complainants. This is an error. He says the goods are not all sold, though he admits the greater part of them are, and says the residue are still in store at Chicago. There is nowhere in his answer, an admission that he has in his hands either $5,500, or any other specific sum, belonging to the complainants. The answer is evasive, and the complainants should have excepted to it and compelled a specific statement of the amount of goods sold and unsold, or have filed a replication, and taken proof on these points. But the case having been heard on bill and answer, the latter must be taken as true, and all that it contains in support of complainants' case is the admission that the defendant has sold the larger part of the goods. This is altogether too indefinite to form the basis of a decree. The fact that he has paid two of the partners their capital invested, must be taken with the explanation given in the answer, that he did

so under the belief that on the sale of the unsold goods, there would be no loss.   This, however, does not bind him to anticipate the sale of the goods in settling with the other partners.

The claim of set-off, made in the answer, is inadmissible.   It could, in any event, only be heard upon a cross-bill, and a cross-bill should not be permitted to be filed for that purpose unless it is shown to the court by affidavit, that the complainants are in such pecuniary circumstances that the alleged claim is likely to be lost unless allowed to be set off.   As already stated, the claim has not the slightest connection with the subject matter of this suit, and is for unliquidated damages.

The complainants will have leave to except to the answer, or to file a replication and take proof.   If, however, all the facts stated in the answer are true, it would appear that there are partners who have not been made parties to the bill, in which event the complainants must amend.   It is evident, from the answer, that there is some sum coming to complainants from the defendant Derby, and when this sum is ascertained, the court will give a decree for the amount and for interest upon it from the time when complainants demanded payment.

*Decree reversed.*