SILAS W. ROBBINS

*v.*

·THOMAS LASWELL.

INTEREST—*whether recoverable.* Where, upon the termination of a partnership, one of the partners improperly converted the remaining property of the firm to his own use, his conduct in so doing, being under the circumstances very censurable, and he contesting the right of his co-partner to recover any amount from him on account of the partnership, upon a bill filed to state the account between them, it was *held*, that such partner should be charged with interest upon the amount found to be due his co-partner, from the termination of the partnership.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

Messrs. J. C. & C. L. CONKLING, for the plaintiff in error.

Messrs. STUART, EDWARDS & BROWN, for the defendant in error.

Mr. CHIEF. JUSTICE LAWRENCE delivered the opinion of the Court:

This case has been already twice in this court, and will be found reported. in 27 Ill. 367, and 39 ib. 209. The main

questions have been settled, and the case now comes before us
merely upon exceptions to the master's statement of the
account.   It was before us at the last term upon these excep-
tions, and we then partially restated the account, but committed
an error in our statement, and having granted a rehearing,
the case is again before us.   We are still of opinion the
master did not allow the complainant as large a balance as was
his due, but the error is not so great as we supposed at the
last term.

One error in the master's statement is this : "It is admitted
that Laswell, when the partnership came to a sudden termina-
tion in April, 1866, drove off and converted partnership stock
which had been paid for by Robbins, amounting to $547.00."
The figures, as stated by Laswell's counsel in their argument
at the last term, are,

|  |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|
| For the Rippon Stock | - | - | - | - | - | - | - | $295 | 00 |
| "     "  Day ·    " | - | - |  | - | - | - | - | 95 | 00 |
| "     "  Broadwell " | - | - | - | - | - | - | - | 70 | 00 |
| "     "  Claywell   " | - | - | - | - | - | - | - | 87 | 00 |
| Total | - | - | - | - | - | - | - | - | $547 | 00 |

The master, in stating the advances made by Robbins, allows
him these sums, and thus far is correct.   But when he under-
takes to arrive at the profits of the entire business, he ignores
this sum of $547.00.   He states the amount of sales and then
deducts the sum total of advances by both Robbins and Las-
well, which would, of course, have been correct, if all the
stock had been sold.   But instead of selling all the stock,
Laswell improperly drove off and converted a part of it to his
own use, and for the purpose of ascertaining the profits of the
partnership this stock should he added to the gross sales.   If
we could determine from the evidence the value of the part-
nership stock, thus driven off, it would be proper to add such
value to the sales ; but not being able to determine the value,
we must content ourselves with adding the cost.   By this cal-
culation, we shall find the net profits of the partnership to
have been $1,546.66, which is undoubtedly within the true

figures, as it is admitted they made over $1,200.00 on one sale, and it is not claimed they lost on any. Such, however, is the loose and conflicting character of the evidence, that we can not arrive at the profits any more definitely. We are not unmindful of the fact, that the master has given Robbins credit, in stating his account with the firm, for the money advanced by him in paying for the Rippon, Day and Broadwell stock, and in part for the Claywell stock, but this only re-imburses him one-half his outlay, since the account stated is with the firm and not with Laswell. In order to reimburse him the other half, it is necessary that the proceeds of the stock should go to the credit of the firm. It is not, however, necessary to notice the amount paid by Laswell for the Roll cattle, which were driven off by him, as, if he were first credited and then charged, the result would not be affected.

On the other hand, the master states the amount of sales at too large a sum, not counting the stock driven off by Laswell. He estimates them at $6,067.13, while Robbins himself testifies to only $5,829.13.

We are also of opinion, as we were at the last term, that the sum of $305.40 should have been allowed to Robbins for money advanced to Laswell to pay for oats, labor, wagon and other things used in carrying on the business. Under the arrangement between the parties these expenses should have been met by Laswell and should now be charged against him. This money was advanced in the partnership business and should be included in the statement of the account. In the re-argument at the present term, counsel for the defendant in error have confounded this item with that referred to in the second exception to the master's report, which is an error. The item referred to in that exception was allowed by the master, and properly.

We are also of opinion, as stated at the last term, that interest should be charged against Laswell on the balance due, from the termination of the partnership. His conduct in driving off the stock, as formerly intimated by the court, was

very censurable, and from that time to the present he has contested the right of Robbins to recover any amount whatever.

The account between these parties should be stated as follows:

| | |
|---|---:|
| Advances of Robbins allowed by master - - - | $3,749 02 |
| Add deficiency in amount allowed for money paid James and Thomas Claywell - - - - | 116 40 |
| Total of Robbins' advances - - - - | $3,865 42 |
| Advanced by Laswell - - - - - - | $964 05 |
| Total of advances - - - - - - | $4,829 47 |
| Total of sales - - - - - - | $5,829 13 |
| Add stock driven off by Laswell, estimating value at cost paid by Robbins - - - - - - | 547 00 |
| Total of proceeds - - - - - - | $6,376 13 |
| Deduct total advances - - - - - - | $4,829 47 |
| Total profits - - - - - - - | $1,546 66 |
| Robbins' half of profits - - - - - | 773 33 |
| Add Robbins' advances - - - - - | 3,865 42 |
| | $4 638 75 |
| Deduct Robbins' receipts - - - - - | 3,259 00 |
| | $1,379 75 |
| Add advances by him to Laswell for labor, grain, &c | 305 40 |
| Balance due Robbins from Laswell - - - | $1,685 15 |

The circuit court will enter a decree for the above sum of $1,685.15 in favor of Robbins against Laswell, with interest at six per cent from April 20th, 1856, to the date of the decree, first setting aside any decree that may have been entered under the order of this court, made at the last term.

The decree is reversed and the cause remanded.

*Decree reversed.*