GEORGE FREIBROTH

*v.*

JOSEPH MANN.

</div>

1. MECHANIC'S LIEN—*decree—time for payment.* Since the act of 1872, allowing redemption from sales in mechanic's lien cases, it is no longer necessary that the decree for the sale of the premises should give time in which the defendant shall pay the sum found to be due.

2. FORMER DECISIONS. The ground of the decisions in *Link* v. *Architectural Iron Works,* 24 Ill. 551, and *Rowley* v. *James,* 31 Ill. 298, that the decree in a proceeding to enforce a mechanic's lien should fix a time for the payment of the money, was that there was then no redemption from the sale under such decree, but as redemption is now allowed, the rule in those cases no longer obtains.

3. DEFAULT—*setting aside.* Where the defendant in a proceeding to enforce a mechanic's lien, fails to answer on or before the day on which the cause is set for trial on the docket, and his default is taken, in the absence of sufficient cause shown it is not error to refuse to set aside the default, either at the same, or the next succeeding term. And in such

case, if the court imposes terms as a condition to opening the default, it is no error.

4. SET-OFF—*under what state of pleadings.* In a proceeding for a mechanic's lien, where the defendant has failed to answer, and a default entered against him, he has no right to have a distinct debt due him from the petitioner, in nowise connected with the subject matter of the suit, set-off against his indebtedness. Under such a state of pleadings a set-off can not be allowed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a petition for a mechanic's lien, filed by Joseph Mann against George Freibroth.

Mr. THOMAS SHIRLEY, for the appellant.

Mr. HENRY D. P. HOSIER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a mechanic's lien proceeding, commenced by petition. The defendant was served with process on the 18th day of February, 1873.

The cause was set for trial on the docket of the court below for the 6th day of June, 1873, and on the 19th day of that month, the defendant having failed to answer, the petition was taken for confessed against him. On the 20th of June, the court heard testimony, and found the amount of defendant's indebtedness to be $316.81, and entered a decree for that amount, with an order for the sale of the premises for its satisfaction. The defendant appealed.

Appellant assigns for error, that the court did not fix a time in the decree within which defendant was required to pay the money, citing *Link* v. *Architectural Iron Works*, 24 Ill. 551, and *Rowley* v. *James*, 31 Ill. 298. The ground of those decisions was, that there being then no redemption from the sale of premises under a mechanic's lien decree, a reasonable time should be given by the decree for the payment of

the money. But the statute now gives the defendant the right of redemption in such case, for a specified length of time, (Laws 1872, p. 507,) and therefore, those decisions can no longer have any application to decrees in mechanic's lien proceedings, in the respect above named.

On the 28th of June, 1873, the court made an order that, upon the condition that the defendant pay into court the amount of the decree rendered against him, to abide the event of the suit, within five days from that date, or before the cause was reached, and all costs of suit accrued, he be let in to plead.

On the 7th day of July, 1873, the first day of the July term, the defendant moved for leave to file his answer, and it appearing to the court that the order of June 28th had not been complied with, the motion was denied, and the order of June 28th was set aside.

It is assigned for error, that the court erred in setting aside the default upon the terms imposed, and in the refusal of leave to file an answer. It is enough to say, that no sufficient cause was shown for setting aside the default, or filing the answer. The lien act requires the defendant to file his answer on or before the day on which the cause shall be set for trial on the docket. The provision of the chancery act in relation to filing an answer at the succeeding term, where, upon default, a bill has been taken for confessed, if it be held to apply to this proceeding, is, that the court may permit the defendant to do so upon his showing sufficient cause.

No sufficient cause was here shown, in respect to either application. The only reason assigned for not filing the answer at the required time was, that the petitioner had been informed by his counsel, and he believed the information to be true, that he had a right to file his answer on the same day on which the cause should be called for trial, in the regular course of the call of the calendar, and that the cause had not yet, up to the time of the motion to set aside the default, been so called. The language of the statute is express, that

the answer shall be filed on or before the day on which the cause shall be set for trial on the docket, which in this case was June 6th. Not filing the answer by that time, nor up to June 19th, was plain *laches.* Had the court denied absolutely the motion to set aside the default, we could not have pronounced it error. Allowing it, then, conditionally, upon the terms prescribed, affords no just ground of complaint.

It is objected that the decree is for too much, because of an admission to that effect, in open court, by the petitioner. The admission claimed, arises from the statement in the bill of exceptions, that on the argument of the motion to set aside the default, the petitioner admitted, in open court, that he was indebted to the defendant for 3000 bricks, amounting to $25.50, and he offered to have that amount remitted from the judgment, and that the defendant claimed a larger sum than that to be deducted. So far as appears, this was a distinct indebtedness, in nowise connected with the subject matter of the suit, and but a claim of set-off, not admissible under the pleadings. *Derby* v. *Gage,* 38 Ill. 27.

The offer to remit would seem not to have been received with favor by the defendant. Had he insisted on it, the *remittitur* would, doubtless, have been made.

We perceive no error, under the circumstances, in rendering the decree for the full amount of the indebtedness proved, without deduction of the $25.50.

We do not find that the proceedings in the court below, as they appear by the record, contain any error, and the decree is affirmed.

*Decree affirmed.*