## MAY E. ROACH

### *v.*

### HENRY L. GLOS.

*Opinion filed October 19, 1899.*

1. PLEADING—*when averments of answer must be taken as true.* The answer is to be taken as true when a case is submitted for hearing upon bill and answer.

2. RECEIVERS—*when a second mortgagee is entitled to continuance of receivership.* A second mortgagee, holding a deficiency decree, is entitled to the continuance of a receivership after sale of the mortgaged premises on foreclosure of the first mortgage, and to receive the rents and profits during the period of redemption, as against the owner of the equity of redemption, who abandoned the property in an unfinished and unsafe condition, where the amount realized on the sale was only sufficient to satisfy the first encumbrance, the security is insufficient and the mortgagor insolvent.

3. APPEALS AND ERRORS—*when objection that record is not complete is without force.* An objection that the record is not complete is without force when there is nothing upon its face to indicate that a reference to any missing portion is necessary to obviate or cure any apparent errors.

*Glos* v. *Roach,* 80 Ill. App. 283, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This is an appeal from a judgment of the Appellate Court, reversing an order or decree of the circuit court, discharging a receiver appointed in a foreclosure proceeding, and directing such receiver to turn over the rents and profits in his hands to the owner of the equity of redemption. The judgment of the Appellate Court, reversing the judgment of the circuit court, remanded the cause with directions to enter a decree ordering the receiver to apply the net rents and profits in his hands, covering the period after the sale of the property, to the payment of the amount due appellee, Glos, who was the appellant in the Appellate Court, under the decree of foreclosure, and to retain any surplus for further direction from the circuit court.

The petition was filed, after the sale under the foreclosure decree had been made and the master had reported the same to the court, by the appellant, May E. Roach, for the discharge of the receiver and the turning over of the receipts and profits to her. The appellee, owning the second mortgage upon the property, filed an answer to the petition. To this answer the appellant filed a replication, but subsequently the replication was withdrawn; and the cause was heard by the court upon bill and answer. The result of this hearing was the discharge of the receiver, as above stated.

The facts are substantially as follows: On September 4, 1894, Sophia Wilnau was the owner of lots 81, 82 and 83, etc., as described in the petition, and, on that date, executed a trust deed to secure a note for $15,000.00, owned by Alfred C. Harrison. On September 28, 1894, Sophia Wilnau and her husband made a second trust deed upon said lots to secure two promissory notes, amount-

ing to $2250.00, owned by the appellee, Henry L. Glos. On October 20, 1896, Sophia Wilnau and her husband conveyed the lots to the appellant, May E. Roach, subject to the said trust deeds. On January 30, 1897, Harrison filed the original bill herein to foreclose his trust deed, which was the first lien upon the property, making the appellant, Roach, and the trustee under the second trust deed, and the appellee, Henry L. Glos, the owner of the notes secured thereby, parties defendant thereto. Appellee, Glos, answered the bill, but default was taken against the appellant, Roach. On March 29, 1897, a receiver was appointed upon motion of Harrison, the complainant in the original bill. On June 14, 1897, Glos, the holder of the second encumbrance, filed a cross-bill to foreclose the second trust deed, and therein asked for the appointment of a receiver. The appellant did not answer the cross-bill, but default was taken against her. On July 14, 1897, the cause was referred to a master to take proof and report. On October 18, 1897, the master filed his report, and therein stated that a receiver was needed to protect and preserve the property, and recommended that the receiver already appointed should be continued until redemption from the sale should be made.

On October 19, 1897, the court entered a decree, confirming the master's report, and finding that there was due to Harrison $17,735.91, and that there was due to Glos, the complainant in the cross-bill, the sum of $2725.13; finding also that the lien of the trust deed of Glos upon the premises was subject to the lien of Harrison, and therein ordering that the premises be sold upon non-payment of the amounts found due. On November 18, 1897, the lots were sold by the master to Harrison, the first mortgagee, for $18,183.14, being the full amount of principal and interest and costs due to him. On November 23, 1897, the master filed his report of sale, showing that the property had been sold for enough to pay the amount due on the first trust deed, but leaving nothing for the

cross-complainant, Glos, and that there was still due to Glos the sum of $2788.91.

On November 23, 1897, the court entered an order confirming the master's report of sale, and continuing the receiver already appointed, until redemption should be made, or the period of redemption should expire.

The Appellate Court granted a certificate of importance, when it entered its judgment of reversal.

BOWLES & BOWLES, for appellant:

The decree of a trial court will not be reversed or set aside upon a portion, only, of the record. The absent portion will be presumed to support the findings and decree of the trial court. *Adair* v. *Adair*, 51 Ill. App. 301; *Tolman* v. *Wheeler*, 57 id. 342; *Gordon* v. *Gordon*, 25 id. 310; *Alling* v. *Wenzel*, 46 id. 562; *Culver* v. *Schroth*, 153 Ill. 442; *Highley* v. *Deane*, 168 id. 271.

Where the property is bid in, on foreclosure, at the full amount of complainant's claim, costs and interest, the receiver should be discharged and the possession of the property restored to the owner of the equity of redemption. *Davis* v. *Dale*, 150 Ill. 239.

The mere filing of a bill to foreclose, with a prayer for a decree of foreclosure, in and of itself creates no lien on the rents and profits accrued or to accrue during the pendency of the foreclosure proceedings. *Bank* v. *Illinois Steel Co.* 174 Ill. 140; *Haas* v. *Building Society*, 89 id. 498; *Scott* v. *Ware*, 65 Ala. 174; *Gilman* v. *Telegraph Co.* 91 U. S. 603; *Bridge Co.* v. *Hudelbach*, 94 id. 248.

A receiver appointed on the application of a party is for the benefit of the party having him appointed. *Insurance Co.* v. *Flieschauer*, 17 N. Y. Super. Ct. 117.

THATCHER & GRIFFEN, for appellee:

When a receiver is appointed in a suit to foreclose a first mortgage, the second mortgagee being a party, and the first mortgage is satisfied out of the proceeds of the

foreclosure sale, the second mortgagee may resort to the rents collected by the receiver to pay any deficiency due him. In such case, the first mortgagee having procured the receiver and having the right to satisfy his debt either out of the proceeds of sale or rents collected by the receiver, if he elects to take the proceeds of sale the second mortgagee is entitled to be subrogated to the rents. High on Receivers, sec. 688; *Keogh* v. *McManus,* 34 Hun, 521; *Hintz* v. *Jenks,* 123 U. S. 297.

An order appointing a receiver is made on behalf of all the parties. *Jackson* v. *Lahee,* 114 Ill. 287; *Rosenbaum* v. *Kershaw,* 40 Ill. App. 663; High on Receivers, sec. 650; 2 Daniells' Ch. Pr. 1740.

A mortgagee in possession, either by a receiver or by himself, is entitled to rents. *Bank* v. *Illinois Steel Co.* 174 Ill. 140; High on Receivers, secs. 643, 644; *Fifield* v. *Gorton,* 15 Ill. App. 460; *Stephen* v. *Reibling,* 45 id. 40.

By the appointment of a receiver the mortgagee obtains an equitable claim upon the rents to accrue, and his right to them is superior to that of any one else claiming under the mortgagor. *Oakford* v. *Robinson,* 48 Ill. App. 270; 2 Jones on Mortgages, sec. 1536; Beach on Receivers, sec. 532.

Where a cause is set down for hearing on bill and answer, the answer is taken as true. *Taylor* v. *Taylor,* 52 Ill. App. 527; *Grunenberg* v. *Smith,* 58 id. 281; *Cook County* v. *Railroad Co.* 119 Ill. 224.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The contention of the appellant is, that the receiver in the foreclosure proceeding was appointed upon the motion of Harrison, the first encumbrancer, before the cross-bill of appellee, Glos, the second encumbrancer, was filed; that the receiver was appointed for Harrison's sole benefit; that, by the foreclosure sale, Harrison, having bid off the property for the whole amount of princi-

pal, interest, and costs due him, was paid in full; that the appellee did not ask for a receiver, and was not entitled to the funds in the hands of the receiver; that such funds belonged to appellant, as the owner of the equity of redemption; that the second lienholder can only have the rents and profits applied towards the discharge of his indebtedness by having the receivership extended to his mortgage; and that, as appellee failed to do this, they belonged to appellant; and that, therefore, the circuit court properly entered an order discharging the receiver, and directing the rents and profits to be turned over to appellant. This contention cannot be sustained under the facts of this case.

The cause was heard in the court below upon the petition, or bill, and answer. It appears from the recitals in the decree of the circuit court, that the appellant, the petitioner below, withdrew her replication, and submitted the cause for hearing upon bill and answer. When a case is submitted for hearing upon bill and answer, the answer is to be taken as true. (*Derby* v. *Gage*, 38 Ill. 27; *Fordyce* v. *Shriver*, 115 id. 530; 1 Ency. of Pl. & Pr. p. 924). Therefore, the statements in the answer, filed by appellee to appellant's petition, are to be regarded as true. The facts, herein referred to, are stated in the answer.

In his cross-bill, the appellee asked for the appointment of a receiver. When the receiver was appointed on March 29, 1897, the appellee was represented by counsel, who joined in the application for the receiver. The order, appointing the receiver, entered on March 29, 1897, provided that one George F. Koester be appointed receiver with the usual powers of receivers in such cases, and with directions to collect all the rents, profits, and issues from the premises, then due or to become due. This order, appointing the receiver, was general in its terms, and did not specify that the receiver was appointed for the especial benefit of the first encumbrancer. There was upon the premises a building of flats, which

was unfinished at the time the receiver was appointed, and the master, in his first report, recommended that such receiver should be continued, until the time of redemption should expire. The sale only realized enough to pay the first mortgage and interest and costs. It did not realize anything toward the payment of the amount due on the second mortgage, and there was a deficiency decree in favor of appellee, the second mortgagee, as appears from the order entered on November 23, 1897, confirming the master's report of sale. By that order, the court directed that the receiver should be continued until redemption should be made, or until the period therefor should expire; and that such receiver should continue to act, as such, with the usual powers of receivers in equity to collect the rents, issues and profits.

The premises were worth no more than the amount realized at the sale, and were, therefore, an insufficient security for appellee's debt. The mortgagor, Sophia Wilnau, was insolvent.

When property is sold at a foreclosure sale for the full amount of principal, interest, and costs, the necessity for continuing the receiver ceases, and he should be discharged, and the possession should be restored to the owner of the equity of redemption. (*Davis* v. *Dale*, 150 Ill. 239). If, therefore, the decree in this case had done nothing more than find the amount due to the first encumbrancer and direct a sale to realize such amount, the rents and profits accruing between the time of the sale and the redemption of the property, or the expiration of the period of redemption, would have belonged to appellant, as the owner of the equity of redemption. But the decree went further, and found the sum of $2725.13 to be due to appellee, the second encumbrancer. Nothing was paid by the sale upon the amount due appellee, and he had a deficiency decree. Under these circumstances, appellee was entitled to have the rents and profits collected for his benefit. The fact, that the sale did not realize

enough to pay the decree of the cross-complainant, shows that the property was an insufficient security, so far as his claim was concerned. The insufficiency of the security and the insolvency of the mortgagor warranted the continuance of the receiver in office, and the circuit court erred in discharging the receiver. It made no difference in principle that the deficiency, which existed, applied to the second mortgage rather than to the first mortgage. Nor does it make any difference whether the second mortgage contained a provision mortgaging the rents and profits, or not. Where the security is insufficient, and the mortgagor is insolvent, and there is a deficiency decree, a court of equity will appoint a receiver of the rents and profits after the foreclosure sale. (*First Nat. Bank* v. *Illinois Steel Co.* 174 Ill. 140).

Under the orders, which were entered, the receivership was virtually extended to the second mortgage. The orders, continuing the receivership after the sale was made, were for the benefit of the second mortgagee, and amounted to an extension of the receivership to his mortgage. It could make no difference, whether the new receiver was appointed upon the application of the appellee, or whether the old receiver was continued upon the recommendation of the master, in view of the failure of the sale to realize enough to pay anything upon the second mortgage, and in view of the insolvency of the mortgagor. (*Cross* v. *Will County Nat. Bank,* 177 Ill. 33). When a receiver is appointed in a suit to foreclose a first mortgage, the second mortgagee being a party, and the first mortgage is satisfied out of the proceeds of the foreclosure sale, leaving the second mortgage unpaid, either altogether or in part, resort may be had, for the deficiency upon the second mortgage, to the rents collected by the receiver. In such case, if the first mortgagee, who has procured the receiver and has a right to satisfy his debt either out of the proceeds of the sale or out of the rents collected by the receiver, elects to take the pro-

ceeds of sale, the second mortgagee is entitled to be subrogated to the rents. (High on Receivers,—3d ed.—sec. 688, and cases in notes).

It appears that the appellant, the holder of the equity of redemption, abandoned the premises, leaving them in an unfinished and unsafe condition. This, in addition to the other facts mentioned, justified the continuance of the receiver for the benefit of the second lienholder. (8 Am. & Eng. Ency. of Law, p. 235).

Although the record furnished is not a full record of all the proceedings in the circuit court, yet there is nothing upon the face of the present record, indicating that a reference to any portion of the record not before us is necessary, in order to obviate or cure any apparent errors. (*Culver* v. *Schroth*, 153 Ill. 437). Therefore, the objection, made by counsel for appellant that the record is not complete, is without force.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*