### J. R. Thickson et al. v. J. P. Barry et al.

1. PARTIES—*who necessary, to bill in chancery.* In courts of equity all persons who have any substantial legal or beneficial interest in the subject-matter of the litigation, and who are to be materially affected by the decree which may be rendered, should be made parties. This rule is inflexible, yielding only when the parties are very numerous and so scattered that their names or residence cannot be ascertained without great and extraordinary difficulty, and it is impracticable to bring them all before the court; or where the question is one of common or general interest, one or more may sue or defend for the whole, or where parties form a voluntary association for public or private purposes and those who sue or defend may be fairly presumed to represent the rights and interests of the whole.

2. PARTNERSHIP—*who necessary parties to bill for dissolution.* A bill for the dissolution of a partnership, for accounting, etc., must name all of the partners as parties.

Bill in chancery. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

SAVAGE & WOODS, for appellants.

F. M. and H. I. GREEN, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This appeal involves the legal sufficiency of a bill

in chancery filed by appellants against appellees. The chancellor sustained a general demurrer thereto and upon the complainants electing to abide by their bill, dismissed the same.

The bill, after reciting that it is filed by appellants, Thickson, Craig and Crawford, for themselves and others similarly situated, avers that complainants and numerous other farmers entered into an oral agreement with one J. P. Barry to form a co-partnership to be known as the Philo-Fairlands Telephone Company, for the purpose of erecting and maintaining a telephone system connecting the farms of the co-partners with each other and with the villages of Philo and Fairlands; that it was agreed that each of said co-partners should bear his proportionate share of the cost of erecting and equipping such system and purchase at his own expense a telephone for his own use, and that in lieu of rental each should bear a proportionate share of the expense of maintaining and operating the system, and that it was agreed by Barry that if the co-partnership would place the switchboard at his residence he would operate the same and make no charge for such services.

The bill further avers that, relying upon said agreement and pursuant thereto, the complainant and the other parties to said agreement purchased and installed sufficient necessary equipment for the operation of 142 telephones, each contributing his *pro rata* share of the cost of the same. That Barry was elected by said co-partnership as manager of the system for the term of two years and without compensation, and that there were also elected certain auditors, who were to act with Barry in the management, and to apportion the cost of maintaining and operating the system, the said auditors being the same persons who, together with the said Barry, were made parties defendant to the bill. That Barry and the said auditors from time to time apportioned and collected assessments under said agreement, but failed to render any statement

of the same until July 8, 1907, when, in response to the demand of a large number of the co-partners, Barry published a statement, which was made with the consent and approval of the auditors, in which Barry was credited with the sum of $100 for two years' service in operating the switchboard of the system, and which statement was in other respects incorrect and untrue. That in January, 1906, Barry and the said auditors formed a corporation under the laws of the State of Illinois, under the name of the Philo-Fairlands Telephone Company, and, conniving together and without the consent of complainants or the numerous other co-partners, appropriated or attempted to appropriate the said telephone system. That in November, 1906, the complainants each received from said corporation a notice that he was not a member of said company and that the management had fixed the cost of his service at $15 per year, and that those owning telephones would be charged $1.50 per month, but that those receiving such notice might become members of the incorporated company by subscribing for stock to the amount of $20. That on November 21, 1906, bills were sent to each of the complainants for telephone service from June 1, 1906, to June 1, 1907, together with a notice that if the bill was not paid within thirty days service would be cut out. That the defendants had brought suit against one of the said co-partners who had refused to subscribe for stock in the incorporated company, and that complainants were informed and believed that like suits would be instituted against complainants and all other of the co-partners who refused to donate their interests in the system to the corporation.

That the co-partnership in question was not formed for profit but simply to furnish telephone service to each co-partner who should pay his proportionate cost of constructing, operating and maintaining the system, and that Barry was chosen manager and the other defendants auditors for the sole purpose of conducting

the business of the co-partnership on such basis. That Barry refuses to make a full and fair statement of the receipts and expenditures of said co-partnership business, but with the consent of the other defendants, has presented an unfair and incorrect statement thereof. That he has caused to be connected with the co-partnership lines a large number of telephones from which he has received rentals, and that with the consent of the other defendants, has collected from the co-partners several hundred dollars in excess of the expenses of operating said system, for all of which he should account to the co-partnership.

The record recites that the demurrer to the bill was sustained for the reason that it appeared upon the face of the bill that certain necessary parties had not been made defendants thereto. In courts of equity all persons who have any substantial legal or beneficial interest in the subject-matter of the litigation, and who are to be materially affected by the decree which may be rendered, should be made parties. This rule is inflexible, yielding only when the parties are very numerous, and so scattered that their names or residence cannot be ascertained without great and extraordinary difficulty, and it is impracticable to bring them all before the court (Prentice v. Kimball, 19 Ill. 319; Willis v. Henderson, 4 Scam. 14; Whitney v. Mayo, 15 Ill. 252). Or where the question is one of common or general interest one or more may sue or defend for the whole, or where parties form a voluntary association for public or private purpose and those who sue or defend may be fairly presumed to represent the rights and interests of the whole. Story's Eq. Pldgs., No. 97.

It is insisted by counsel for appellants that the present suit falls within the exceptions mentioned. We do not think so. It is manifest that the subject-matter of the controversy is not of common or public interest nor a voluntary association for public or private purposes, whereby it may fairly be presumed that the rights and interests of all concerned will be represented

by any or all of the parties to the bill. On the contrary
the organization is specifically alleged to be a co-part-
nership for the conduct of a private enterprise. While
the bill states that the parties interested are numerous,
it is not averred that they are so scattered that their
names or residences cannot be ascertained without
great and extraordinary difficulty, nor are facts stated
from which such inference can be drawn. Construing
the averments of the bill most strongly against the
pleader, it does appear that all parties in interest live
within the territory included within and adjacent to the
villages named, and it may fairly be presumed that the
name and residence of each of the partners could be
readily obtained.

The bill prays, among other things, that the co-
partnership be dissolved, the partnership property
sold, and that the proceeds thereof be distributed
among the respective partners. To warrant such re-
lief it was essential that all of the partners should have
been made parties to the bill. Derby v. Gage, 38 Ill.
28; Rosentiel v. Gray, 112 Ill. 283.

It is further sought to render void any title or in-
terest the incorporated company might claim in and
to the telephone properties in controversy and to re-
quire such company to restore the same to the partner-
ship. It is manifest that any rights of the corpora-
tion could not be affected unless it was a party to the
bill.

While it may be true that complainants and their
co-partners are entitled to an accounting by Barry to
obtain such relief, it was necessary that all of the co-
partners should be made parties, either complainant
or defendant. Derby v. Gage, 38 Ill. 27. Were it other-
wise a series of similar proceedings to that at bar con-
cerning the same subject-matter might follow and liti-
gation thus be multiplied and prolonged. It is clear
that the rights of the co-partners who are not parties
to the present bill would to no extent be settled or ad-
judicated by any decree thereunder. "It is the great

object of courts of equity to put an end to litigation; and to settle, if possible, in a single suit, the rights of all parties interested or affected by the subject-matter in controversy.'' 2 Story's Eq. Jur. sec. 1526. Counsel for appellant say that ''it is possible that in order to get all of the relief specifically prayed for in the bill, additional parties might be necessary'' and urge that they are entitled ''to such relief as is consistent with the facts stated in the bill, although not specifically prayed for.'' We are unable to perceive any other or different relief than that specifically asked, to which appellants would be entitled, and none such has been indicated in argument.

We are of opinion that the demurrer to the bill was properly sustained, and the decree dismissing the bill will accordingly be affirmed.

*Decree affirmed.*