DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1908.

---

### William N. Reynolds, Appellant, v. Austin Phillips, Appellee.

1. AMENDMENTS AND JEOFAILS—*when granting leave to amend after hearing, not ground for reversal.* It is a matter resting within the discretion of the chancellor to permit an amendment of a cross-bill after the hearing so that the same will conform to the findings of fact by the chancellor.

2. INTEREST—*when allowance of, appropriate.* It is proper, where a settlement of accounts has been arrived at, to allow interest from the date of such settlement.

Bill in equity. Appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed April 21, 1908.

STEVENS & HORTON and LUCIEN GRAY, for appellant.

KINSEY THOMAS, H. M. WAGGONER and CHIPERFIELD & CHIPERFIELD, for appellee.

PER CURIAM. This is a bill in equity by appellee against appellant to set aside an alleged written contract of settlement between them, and for an accounting.

The bill alleges, in substance, that on about April 1, 1899, the parties entered into a verbal agreement for the purpose of buying and trading in real estate and

(482)

personal property, the losses and profits to be shared equally; that thereafter a number of transactions were had under said agreement, whereby profits had accrued; that the accounts of said partnership were kept by the defendant who had failed and refused to inform the complainant of the true profits but with the intent to deceive him had misinformed him with reference to the amount paid for the property purchased by them, and the prices received for the same; that the defendant had drawn from the partnership moneys greatly in excess of the amount to which he was entitled; that on April 12, 1904, the defendant falsely represented to the complainant that he, the complainant, had received all the money or other property then due him excepting a joint interest in certain property in Canton and Peoria; and that he, the defendant, had fully accounted to the complainant for all of said partnership transactions; that the complainant, in ignorance of the facts, and believing and relying upon the statement of the defendant, entered into a written contract of settlement which recited the joint ownership of the Peoria and Canton property, and that all other matters between them to date were fully and completely settled; that said representations of the defendant were untrue and well known to the defendant to be so, and that said contract was a fraud upon the rights of complainant.

The bill prays for an accounting and for the surrender and cancellation of the contract aforesaid and for a decree against the defendant for whatever should appear to be due from him upon an accounting. The answer of the defendant denies the material allegations of the bill and denies that the complainant ever had any interest in any of the transactions mentioned in the bill. The defendant also filed a cross-bill asking that the Canton and Peoria property mentioned in the contract of settlement be sold and the proceeds divided between the parties. The complainant answered the

cross-bill admitting that the interests of the parties in the property in question were as therein stated.

Upon a hearing by the chancellor of exceptions of the respective parties to the report of the master, the complainant withdrew his answer to the cross-bill and disclaimed any interest in the Peoria and Canton property mentioned in the contract of settlement. A decree was then entered, dismissing the cross-bill, setting aside the contract of settlement, and directing the defendant to pay to the complainant the sum of $3,538 with interest thereon from April 12, 1904. To reverse such decree this appeal is prosecuted by the defendant.

Upon the issues of fact involved the chancellor reached the following conclusions: That about the year 1899, appellant and appellee entered into a verbal partnership agreement to trade in real and personal property; that by the terms of such agreement appellant was to furnish the necessary money and appellee was to pay interest upon one-half of the same, the profits and losses to be equally divided between them; that pursuant to said agreement, they thereafter purchased certain land in Audrian county, Missouri, for $6,700, which land appellant afterwards sold at a profit of $6,700; that pursuant to said agreement they also purchased certain real estate in or near Beardstown, Illinois, for $2,000, which was afterwards sold at a profit of $2,500; that the proceeds of such sales were received by appellant and out of the same appellee has already received $1,112, leaving appellant liable to account to him for $3,538; that the partnership arrangement continued until about April 12, 1904, when appellee demanded from appellant the balance of his said share of the profits; that the appellant although familiar with the true state of the account between them, concealed the same from appellee, and on April 12, 1904, represented to him that he had received all that was due him, with the exception of a joint interest in certain property in Canton and Peoria, Illinois, and

further that he had fully accounted to appellee for his one-half of the profits arising from each and every of said partnership transactions; that he then prepared and procured appellee to execute a contract in writing, reciting that the parties then owned jointly the Peoria and Canton property and that said contract was a full and complete statement of all other matters between them to date and that all former contracts between them were cancelled. The decree further finds that said agreement was fraudulently procured in the manner and under the circumstances averred in the bill, and to be a fraud upon the rights of appellee; that the Peoria property for which partition was asked in the cross-bill was not acquired by appellant in any of the partnership transactions aforesaid, but that the same was the property of appellant individually and that appellee was in no way interested therein; that having prior to the filing of the original bill quit-claimed to one Seneker all his interest in the Canton property appellee had no interest therein; that the court had no power to determine the respective interests of appellant and Seneker in said property for want of jurisdiction over the person of Seneker; and that from the evidence it was impossible to determine what sums, if any, appellant was entitled to be allowed as interest upon money advanced by him in connection with the said partnership transactions.

It is not denied by appellant that he and appellee were engaged in a number of ventures in which they were to share the losses or profits equally. There were, however, a number of them conducted by appellant subsequent to April 1, 1899, in which appellee claims to have been interested as a partner, but which appellant contends were his individual ventures. The evidence as to them is exceedingly voluminous, irreconcilable and conflicting. To attempt to rehearse and discuss the same in detail would unduly extend the limits of this opinion. It will suffice to say that after a careful perusal of the record, we are of the opinion

that the foregoing conclusions of the chancellor were not unwarranted by the evidence.

It is insisted that it was error to permit appellee upon the hearing to amend his answer to the cross-bill so that the same would conform to the facts as found by the chancellor. The matter rested within the sound discretion of the chancellor and we cannot say that such discretion was abused.

The chancellor, under the circumstances, properly allowed legal interest upon the balance found by the decree to have been due to appellee from the day of the alleged settlement. Scroggs v. Cunningham, 81 Ill. 110; Robbins v. Laswell, 58 Ill. 203; Derby v. Gage, 38 Ill. 27.

We find that neither of the cross-errors was well assigned.

The decree of the Circuit Court will be affirmed.

*Affirmed.*